**Richard E. Davis v. Saab Scania of America, Inc., et al.**

[339 A.2d 456]

No. 107-74

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed April 1, 1975

Motion for Reargument Denied May 22, 1975

*Thomas R. Heilmann, Esq.* of *Richard E. Davis Associates,* Barre, for Plaintiff.

*Stephen C. Walke, Jr., Esq.* of *Paterson, Gibson, Noble & Brownell,* Montpelier, for Defendants.

**Larrow, J.** By permission, defendants appeal from an order of the Washington Superior Court denying their motion to dismiss plaintiff's complaint for lack of personal jurisdiction.

Saab-Scania of America, Inc., is a Connecticut corporation distributing Saab automobiles. There are at least six Saab dealerships in Vermont. It is a successor corporation to Saab Motors, U.S.A., Inc. Saab-Scania Aktiebolag is a Swedish cor-

poration which manufactures Saabs and is parent corporation to the other two companies. For purposes of brevity, they are hereinafter termed the Connecticut corporation, its predecessor, and the Swedish corporation. The case is one of claimed products liability.

In 1971 one Robert Wheale and wife bought a new Saab, in Connecticut, from a Connecticut dealer. They were then residents of Virginia. Subsequently, they sued the predecessor corporation in Washington County Court, by process served on the Vermont Secretary of State under 12 V.S.A. § 855. In substance, the action was for false representations, breach of warranty and negligent manufacture, all in connection with the Connecticut sale. On motion, that action was dismissed on December 12, 1972, on the stated grounds of insufficient minimal contacts to establish jurisdiction under the substituted service, the plaintiffs being residents of Virginia, the injury being caused outside the State of Vermont, and any wrongful activities not being related to the State of Vermont or any resident thereof. The ruling was made as a matter of law, and assumed as true the allegation that defendant was doing business in Vermont. The dismissal was not appealed.

Subsequently, the Wheale's assigned their claim to the plaintiff, who is related to them, and he brought suit anew, in the now Washington Superior Court. The cause of action is set up in virtually identical terms, and service was made against both defendants in the same manner. The trial court took evidence and made findings of fact. In addition to those above recited, it also found extensive contacts between the Connecticut corporation and several Vermont dealerships operating under it, who are contractually bound to honor its warranties. It found such warranty was made to the original purchasers, that some repair work under it was done by a Vermont dealer and reimbursed by the Connecticut corporation, that the now plaintiff is a Vermont resident, and that the Connecticut corporation "has substantial connection" with Vermont, actively participated in the Vermont market, and intentionally conducted business in Vermont. It concluded, on this basis, that the Connecticut corporation had "sufficient contacts" with Vermont to support jurisdiction obtained by service under 12 V.S.A. § 855, that plaintiff "as a new real party in interest" was not bound by the prior judgment, and took jurisdiction, denying defendants'

motion to dismiss for lack of personal jurisdiction, and on grounds of res adjudicata. We reverse.

■■■ Plaintiff argues, in substance, that he is not bound by the prior order, unappealed from, because the dismissal order was not on the merits. This argument misapprehends the scope of the rule asserted for. The prior order would not preclude recovery on the merits in a second action against the Connecticut corporation, brought in Connecticut, because the merits were not adjudicated. But the issue which was adjudicated in the prior action was the validity of service under 12 V.S.A. § 855 against the predecessor of the Connecticut corporation. The cause of action is substantially the same, the prior judgment assumed defendant doing business in Vermont, the type of service was the same, and there was substantial identity of parties. As against the Connecticut corporation, the bar of res adjudicata applies. *Hill* v. *Grandey,* 132 Vt. 460, 321 A.2d 28 (1974); *Trapeni* v. *Walker,* 120 Vt. 510, 515, 144 A.2d 831 (1958). *See also Orleans Village* v. *Union Mutual Fire Ins. Co.,* 133 Vt. 217, 335 A.2d 315 (1975). It was not the merits of the claim which were adjudicated, but the merits of the issue of personal jurisdiction. *Baldwin* v. *Iowa State Traveling Men's Association,* 283 U.S. 522 (1931).

■■ The prior judgment binds the privies of the parties to it. *Trapeni* v. *Walker, supra.* Plaintiff has privy status as assignee of the former parties plaintiff; the defendant Connecticut corporation has it as successor to the former defendant. Res adjudicata bars prosecution of the action, in the Vermont forum, against the Connecticut corporation. *Blondin* v. *Brooks,* 83 Vt. 472, 76 A. 184 (1910).

■■■ Appellants also point out, we think correctly, that there are other cogent grounds for reversing the order below. They argue, and we concur, that the findings below are completely silent with respect to any activities or conduct within Vermont by the Swedish corporation, or any imputable to it. Absent any conduct or activity, that corporation cannot be deemed to be "doing business" in Vermont within the purview of the statute. 12 V.S.A. § 855. And, as they also point out, the provisions of the statute are not met as to either defendant, because this is not "any action or proceedings against it arising or growing out of that contact or activity". It is with

respect to such causes of action that the statute authorizes service upon the Secretary of State. And, whatever the activities here may have been, or have been found to be, it is undisputed that the suit results from a sale made in Connecticut, by a Connecticut dealer, to Virginia residents. Were plaintiff's position the correct one, any corporation with minimal contacts in Vermont could be sued in Vermont, by substituted service, for any tort committed by it, or contract entered into by it, wherever so committed or entered into. Such is not the law. To satisfy the due process requirements of the Fourteenth Amendment, the requirements explicitly stated in the statute must be met; the suit must arise or grow out of the contact or activity asserted as the basis of jurisdiction. *O'Brien* v. *Comstock Foods,* 123 Vt. 461, 465, 194 A.2d 568 (1963) ; *Smyth* v. *Twin State Improvement Corp.,* 116 Vt. 569, 573, 80 A.2d 664 (1951) ; *Hanson* v. *Denckla,* 357 U.S. 235, 251 (1958) ; *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945) ; *Deveny* v. *Rheem Mfg. Co.,* 319 F.2d 124 (2d Cir. 1963).

> Thus, the long arm of state courts is permitted to reach out-of-state defendants only in suits growing out of acts which have contacts with the forum state, however limited or transient such contacts may be.

*Deveny, Id.* at 127.

For all of the reasons stated, the trial court should have granted defendants' motion to dismiss, which clearly stated those reasons and was timely filed.

*Judgment reversed. Plaintiff's complaint dismissed for lack of personal jurisdiction.*