Kenneth A. ANDERSON

v.

ABEX CORPORATION et al.

Civ. A. No. 75–166.

United States District Court, D. Vermont.

Dec. 10, 1975.

Motion for Relief from Order Jan. 30, 1976.

DeBonis & Wright, Poultney, Vt., for plaintiff.

Stephen M. Schuster, Samuelson, Bloomberg, Portnow, Schuster & Lang, Ltd., Burlington, Vt., for defendants.

## MEMORANDUM AND ORDER

HOLDEN, Chief Judge.

The plaintiff Anderson complains as an aggrieved member of the Retirement Plan for the Salaried Employees of Abex Corporation (hereinafter the Plan) to bring this action against the Plan and its corporate and individual administrators alleging breach of fiduciary duties and breach of contract and violations of 29 U.S.C. §§ 301 et seq.[1] Plaintiff seeks relief in the form of

---

[1]. The Welfare and Pension Plan Disclosure Act, 29 U.S.C. §§ 301 et seq., was repealed effective January 1, 1975, and is now embodied in the Employee Retirement Income Security Act of 1974. The enforcement provision of the new Act, 29 U.S.C. § 1132, does not apply to any cause of action which arose before January 1, 1975. 29 U.S.C. § 1144(b)(1). Since the complaint in this action does not indicate that the causes of action asserted arose after the

various orders relating to the administration of the Plan and punitive damages in the amount of $1,000,000. Reading the complaint in its broadest implication, it appears to invoke both diversity and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1332. All defendants have moved to dismiss the action for lack of personal jurisdiction, defective service and improper venue.

Since the cause of action arose prior to January 1, 1975, although filed after that date, as to the federal question, we are governed by the provisions of the Welfare and Pension Plan Disclosure Act, 29 U.S.C. §§ 301 *et seq.* Affidavits have been submitted by the defendants in support of the motions, disclaiming any significant contacts or activity in Vermont.

■ This action was commenced by service of process in the manner provided by the statutes of Vermont, as allowed by Fed.R. Civ.P. 4(e). The corporate defendants and the Retirement Board were reached by substituted service upon the Secretary of State of Vermont under the provisions of 12 V.S.A. § 855.[2] Process was personally served on the defendant Rennie, a member of the Retirement Board, by a federal marshal in New York City, pursuant to Vermont's long-arm statute, 12 V.S.A. § 913.

■ Unlike its successor, the Employee Retirement Income Security Act, the jurisdictional provisions of 29 U.S.C. § 308 do not provide for extraterritorial service of process. Thus, as to both jurisdictional grounds, the plaintiff can obtain *in personam* jurisdiction over the defendants by substituted service only if the defendants have

had sufficient "minimum contacts" in Vermont. *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The pleadings and the unopposed affidavits filed in this case indicate that the defendants' contacts and activities consisted, at most, of three administrative letters mailed to the plaintiff in Vermont.[3]

The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

■ It is the law of Vermont that a plaintiff seeking to gain *in personam* jurisdiction over a nonresident defendant by resorting to service on the Vermont Secretary of State is called upon to plead sufficient facts to demonstrate that the defendant is within the reach of the applicable provisions of the Vermont "long arm" statute. *O'Brien v. Comstock Foods, Inc.,* 123 Vt. 461, 465, 194 A.2d 568 (1963).

■ While service pursuant to state statute is a permissible method of commencing actions in the federal district courts, the out-of-state defendants can be subjected to the reach of the applicable state statute only in suits growing out of acts which have

---

effective date of 29 U.S.C. § 1132, this action is governed by 29 U.S.C. §§ 301–09.

**2.** We note that service of process on the Retirement Board was defective, irrespective of our disposition of the case on other grounds. 12 V.S.A. § 855 allows substituted service on foreign corporations "doing business" in the state; it does not purport to provide a similar method of reaching non-corporate entities.

**3.** At the time of his retirement from Abex Corporation in 1971, the plaintiff received a form letter from the Retirement Board informing him of the nature of his investments in the

Plan; in late 1973, in response to the plaintiff's request, the defendant Board notified him that it would convert a certain part of his pension benefits; and on May 8, 1974, the defendants wrote to all variable pensioners under the Plan, including the plaintiff, informing them of the impending transfer of the management of the variable pension portfolio. There is no affirmative allegation in the pleadings that these letters were mailed to the plaintiff in Vermont. Presumably, since he moved to the state sometime after his retirement, the correspondence was sent to him in Vermont.

created essential contacts with the forum state. *See Deveny v. Rheem Mfg. Co.*, 319 F.2d 124, 127 (2d Cir. 1963); V.R.C.P. 4(e) and Reporter's Notes.

The cause of action asserted does not arise out of any constitutionally significant activity of the defendants in Vermont sufficient to warrant the exercise of personal jurisdiction over them by the courts of this state. *See Hanson v. Denckla, supra*, 357 U.S. at 235, 78 S.Ct. 1228. The fact that the consequences of the defendants' activities have been felt in Vermont, standing alone, is insufficient to sustain an assertion of our jurisdiction over them. *O'Brien v. Comstock Foods, Inc., supra*, 123 Vt. at 465, 194 A.2d 568.

Therefore, it is ORDERED:

*That the motions of the defendants to dismiss the action for lack of personal jurisdiction are granted.*

## MOTION FOR RELIEF FROM ORDER

By order of this court, filed December 10, 1975, the motions of the defendants to dismiss this action for lack of personal jurisdiction over them were granted. It appears that subsequent to the dismissal, the plaintiff undertook a telephonic investigation of certain Vermont railroad companies to inquire whether they have purchased products of Abex Corporation.[1] According to the plaintiff's affidavit, this inquiry revealed that at least three resident railroad companies have purchased parts and equipment from Abex Corporation in the past. On the strength of these facts to the effect that Vermont has been a market for Abex products, plaintiff filed a motion, under Fed.R.Civ.P. 59 and 60(b), on December 22, 1975,[2] for relief from the earlier order of dismissal on the ground that that order was premised on the misrepresentation of Abex Corporation, by affidavit, that it did not do business in the State of Vermont.[3]

In order for the long-arm of 12 V.S.A. § 855 to reach the defendants in this action, the plaintiff must show that the conduct or activity of the defendants in the forum state gave rise to the particular causes of action asserted here. *See Hanson v. Denckla*, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Davis v. Saab-Scania of America, Inc.*, 133 Vt. 317, 320–21, 339 A.2d 456 (1975).

Recently the Supreme Court of the State of Vermont, in *Davis v. Saab-Scania of America, Inc.*, had occasion to analyze the nature of the contacts required to sustain jurisdiction under 12 V.S.A. § 855, in the context of an action for breach of warranty, negligent manufacture and misrepresentation, arising out of the sale of a Saab automobile in Connecticut by a Connecticut dealer to a Virginia resident. The suit was brought by a resident of Vermont, an assignee of the purchaser. The trial court found extensive contacts between the defendant, Saab-Scania of America, Inc., which was a distributor of Saab automobiles, and several Vermont dealerships operating under it, which are contractually bound to honor its warranties. Moreover, the lower court found that the defendant "actively participated in the Vermont market, and intentionally conducted business in Vermont." 133 Vt. at 319, 339 A.2d at 458.

In finding that the cause of action asserted did not arise out of any activity or conduct of the defendant in Vermont, the Vermont Supreme Court considered the necessary link between the contacts on

---

1. From the record it appears that this inquiry was the first made by the plaintiff as to the jurisdictional facts of the case. At hearing on defendants' motions to dismiss on November 7, 1975, the plaintiff, who had been aware of the legal position of the defendants for over two months, offered no evidence or affidavits controverting the position taken by the defendants which had been supported by affidavit.

2. We note that plaintiff's motion under Fed.R. Civ.P. 59 was timely since December 22, 1975, fell on a Monday. Fed.R.Civ.P. 6(a).

3. While we agree that the defendant's affidavit in support of its motion to dismiss may have been misleading, viewing "doing business" as a jurisdictional term of art as the defendant contends it was intended, we do not consider the affidavit to have misrepresented relevant facts.

which jurisdiction is predicated and the claims asserted:

> [W]hatever the activities here may have been, or have been found to be, it is undisputed that the suit results from a sale made in Connecticut, by a Connecticut dealer, to Virginia residents. Were plaintiff's position the correct one, any corporation with minimal contacts in Vermont could be sued in Vermont, by substituted service, for any tort committed by it, or contract entered into by it, wherever so committed or entered into. Such is not the law. To satisfy the due process requirements of the Fourteenth Amendment, the requirements explicitly stated in the statute must be met; the suit must arise or grow out of the contact or activity asserted as the basis of jurisdiction. *O'Brien v. Comstock Foods*, 123 Vt. 461, 465, 194 A.2d 568 (1963); *Smyth v. Twin State Improvement Corp.*, 116 Vt. 569, 573, 80 A.2d 664 (1951); *Hanson v. Denckla*, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Deveny v. Rheem Mfg. Co.*, 319 F.2d 124 (2d Cir. 1963).

*Id.* at 321, 339 A.2d at 458.

Given the assertion of the plaintiff here, that Abex Corporation has actively participated in the Vermont market by selling its products in the State, he is, nevertheless, left in the same position as the plaintiff in the *Davis* case, since no suggestion has been made that any of the alleged activity of Abex Corporation in Vermont gave rise to the particular causes of action alleged in his complaint. The essence of the plaintiff's complaint is that defendants have mismanaged the Retirement Plan of the Salaried Employees of Abex Corporation; whether or not Abex Corporation has sold brake shoes to certain Vermont railroad companies in the past has no bearing on the present action, absent any showing of the connection between that activity and this claim.

More importantly, it is clear that the brunt of plaintiff's complaint is directed at the Retirement Board of the Retirement Plan of the Salaried Employees of Abex Corporation. No constitutionally significant activity or contacts of the Board with this State have been brought to the attention of the court to confer *in personam* jurisdiction over the Board by substituted service on the Vermont Secretary of State. Even if the court were to vacate its order of dismissal and find personal jurisdiction over Abex Corporation, it would still be compelled to dismiss the action for failure to join the Retirement Board, which concededly is an indispensable party. Fed.R.Civ.P. 19(b). We decline, therefore, to reopen this case; and it is ORDERED:

*That the motion of the plaintiff for relief from judgment under Fed.R.Civ.P. 59 and 60(b) is denied.*