# Edna Alice Stark Huey, Individually and as Administratrix of the Estate of Donald K. Huey v. Elmer Bates, Murphy & Wilson Equipment, Inc., and John Deere Company

[375 A.2d 987]

No. 262-76

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed April 5, 1977

*Alan G. Thompson* and *A. Luke Crispe*, Brattleboro, for Plaintiff.

*Glenn S. Morgan* and *Joseph H. Badgewick* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant John Deere Company.

**Daley, J.** This is an appeal by the plaintiff Huey from an order of the Windham Superior Court granting the motion of the defendant John Deere Company to dismiss for lack of personal jurisdiction and insufficiency of service. Final judgment was directed and entered pursuant to V.R.C.P. 54(b). The sole question presented for review is whether the alleged contacts and activities of the defendant John Deere Company are sufficient to support the assertion of personal jurisdiction over it in Vermont and thus validate service of process.

The defendant's motion to dismiss constitutes, for purposes of judicial review, an admission of all facts well pleaded by the plaintiff. *Rothberg* v. *Olenik*, 128 Vt. 295, 296, 262 A.2d 461 (1970). The complaint, as amended, sets forth the following factual situation. In October, 1973, Elmer Bates, a resident of Rockingham, Vermont, and one of the named defendants in this action, purchased a vehicle known as a "crawler-dozer" from defendant Murphy & Wilson Equipment, Inc., a distributor, franchisee, or agent of the defendant John Deere Company. Murphy & Wilson Equipment, Inc. is a Vermont corporation with its place of business in White River Junction, Vermont. The vehicle was manufactured by the defendant John Deere Company, a foreign corporation organized under the laws of the State of Delaware with its principal place of business in Moline, Illinois. The vehicle was shipped to and sold in Vermont by the defendant John Deere Company, which maintains a system of distributorship within this State. The defendant has sold and continues to sell its products directly or through its distributors to Vermont citizens and residents as well as to corporations chartered by this State. John Deere Company, by its course of conduct and past activities in Vermont, knew or should have known that the crawler-dozer vehicle would be sold to residents of this State. While this foreign corporation defendant is not registered to do business in this State, it has advertised and continues to advertise its farm and construction products in Vermont.

Following the in-state purchase of the crawler-dozer by the defendant Bates from the defendant Murphy & Wilson

Equipment, Inc., Bates entered into a rental agreement regarding the vehicle with the decedent Donald Huey. On November 10, 1973, the decedent, a resident of Brattleboro, Vermont, was fatally injured while operating the vehicle in the Town of Walpole, in the State of New Hampshire. His widow, Edna Huey, also a resident of Brattleboro, subsequently brought this wrongful death action individually and as personal representative of the decedent's estate. Invoking Vermont's so-called "long-arm statute", 12 V.S.A. § 855, service was made upon the defendant John Deere Company pursuant to 12 V.S.A. § 856 and V.R.C.P. 4(d)(7), with delivery of the summons and complaint to the Secretary of State and the registered mailing of these documents to the foreign corporation's principal place of business. Defendants Bates and Murphy & Wilson Equipment, Inc. have raised no jurisdictional challenges to the maintenance of this suit.

The plaintiff's complaint, as amended, charges all defendants with negligence and breach of implied warranties; in addition, a count sounding in strict products liability is asserted against the defendant John Deere Company.

The plaintiff asserts, among other allegations, that the vehicle when sold was in a defective condition unreasonably dangerous to the user, that it contained a defect in design, and that such defect was the proximate cause of the decedent's fatal injuries. Furthermore, she contends that the defendants negligently failed to warn of the dangers and hazards inherent in the operation of the crawler-dozer.

12 V.S.A. § 855 presently provides that a foreign corporation will be deemed to be doing business in Vermont, and hence subject to assertion of personal jurisdiction, if its "contact or activity" within the State is sufficient to support a Vermont personal judgment against it. Lawful process may be served upon such a foreign corporation "in any action . . . against it arising or growing out of that contact or activity". This statute, amended in 1971, abandons the language of its precursors which predicated personal jurisdiction over foreign corporations on whether contracts had been formed in this State or whether a tort had been committed in whole or in part in this jurisdiction. The legislative decision to depart from references to contract actions or tort actions fully comports with the present rule that there is only one form of action known as a "civil action". V.R.C.P. 2. *Kinney* v. *Goodyear Tire & Rubber Co.*, 134 Vt. 571, 367 A.2d

677, 679 (1976). It is our view that these changes reflect the legitimate legislative concern to accord the residents of this State a forum within which they may litigate actions arising or growing out of the contact and activity by foreign corporations.

■■ As a threshold consideration, it is necessary that a determination be made as to whether the defendant has engaged in "contacts or activities" in Vermont as contemplated by 12 V.S.A. § 855. The judicially enunciated test for resolving this issue is set forth in *O'Brien* v. *Comstock Foods, Inc.*, 123 Vt. 461, 464, 194 A.2d 568 (1963):

> The vital factor . . . is the intentional and affirmative action on the part of the non-resident defendant in pursuit of its corporate purposes within this jurisdiction. A single act, purposefully performed here, will put the actor within the reach of the sovereignity of this state. . . . So will active participation in the Vermont market, either by direct shipment, or by way of transmittal through regular distributors presently serving the Vermont marketing area.

The *O'Brien* decision involved interpretation and construction of the immediate precursor to the present § 855. Inasmuch as the present statute is broader in scope than its predecessor, if the defendant's contacts and activities meet the *O'Brien* test, they must, of necessity, satisfy the present statutes.

In the present case, the defendant John Deere Company is alleged to have intended that the vehicle be shipped to or sold within Vermont; it knew or should have known that this product "might have potential consequences in this jurisdiction". *O'Brien* v. *Comstock Foods, Inc.*, *supra* at 466. The shipment and ultimate sale of the crawler-dozer in Vermont was the direct result of the defendant's deliberate, knowing and purposeful utilization of its in-state distribution system. As such, the defendant's acts demonstrate a clear intention to actively participate in the Vermont market. It has therefore engaged in sufficient contact and activity to bring it within the purview of 12 V.S.A. § 855.

■■ Having found the requisite contact and activity on the part of the defendant, the question remains as to whether the present litigation arises or grows out of this contact and activity. It is incumbent that the plaintiff, in this regard, "demonstrate

that the defendant is causally responsible for the presence of the injuring agency within the state of Vermont". *O'Brien* v. *Comstock Foods, Inc., supra* at 465. The "arising or growing out of" element provides the requisite nexus between the defendant, the injuring agency, and the cause of action brought in the forum state. Along with being an express provision of § 855, this element must be established in order to comport with the due process requirements of the Fourteenth Amendment. *Davis* v. *Saab Scania of America, Inc.,* 133 Vt. 317, 321, 339 A.2d 456 (1975).

The requirements of the "arising or growing out of" element can be aptly illustrated by comparing the facts alleged in the present case with those found in *Davis* v. *Saab Scania of America, Inc., supra.* In *Davis,* as in the instant case, the foreign corporation maintained dealers or distributors in this jurisdiction. In *Davis,* however, the vehicle was sold in Connecticut by a Connecticut dealer to residents of Virginia. There was no factual basis in *Davis* demonstrating a causal connection between the contact and activity of the foreign corporation and the action or proceeding brought against it. In the instant case, by comparison, the defendant's alleged contacts and activities within this jurisdiction, rather than being mere isolated acts which are unrelated to the plaintiff's causes of action, were integral and necessary acts from which this wrongful death action arose. Inasmuch as the plaintiff's causes of action are recognized in this jurisdiction, *Zaleskie* v. *Joyce,* 133 Vt. 150, 154-56, 333 A.2d 110 (1975), and in view of the fact that the plaintiff's causes of action are not limited by notions of privity, *O'Brien* v. *Comstock Foods, Inc.,* 125 Vt. 158, 212 A.2d 69 (1965), the requisite nexus has been shown between the facts underlying those causes of action and the defendant's alleged contacts and activities.

▮   The defendant argues that, inasmuch as the injury to the decedent occurred in the State of New Hampshire, sole and exclusive jurisdiction is vested, if at all, in the courts of that state. In the present case, the occurrence of the fatal accident in a New Hampshire town bordering upon this State's boundary was merely fortuitous; the situs of the accident does not detract from our conclusion that the causes of action arose and grew out of a business transaction engaged in within this jurisdiction. It is therefore our opinion that the contact or activity of the defendant

John Deere Company is sufficient to support a personal judgment rendered against it by a court of law in this State. 18 V.S.A. § 855; *O'Brien* v. *Comstock Foods, Inc., supra,* 123 Vt. 461, 194 A.2d 568 (1963); *Smyth* v. *Twin State Improvement Corp.,* 116 Vt. 569, 577, 80 A.2d 664 (1951); see also *Callahan* v. *Keystone Fireworks Manufacturing Co.,* 72 Wash. 2d 823, 435 P.2d 626, 635-36 (1967); 3 R. Hursh & H. Bailey, American Law of Products Liability 2d, Chapter 16 (1975); Note, *In Personam Jurisdiction Over Nonresident Manufacturers in Products Liability Cases,* 63 Mich. L. Rev. 1028, 1035-40 (1965).

Our determination that the Vermont courts may, in light of the facts alleged in the present case, assert and exercise personal jurisdiction over the defendant John Deere Company satisfies not only the statutory provisions of 12 V.S.A. § 855, but also fully comports with the due process requirement that maintenance of the suit not "offend traditional notions of fair play and substantial justice". *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); see also *McGee* v. *International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Hanson* v. *Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); and *Miller* v. *Cousins Properties, Inc.,* 378 F. Supp. 711, 717 (D. Vt. 1974).

*Judgment reversed and the cause remanded to the Windham Superior Court.*