**CHITTENDEN TRUST COMPANY, Executor of the Estate of Louis Quintal**

v.

**F. LaCHANCE d/b/a Pharmacie Iberville.**

Civ. A. No. 77–65.

United States District Court,
D. Vermont.

March 14, 1978.

Matthew I. Katz, Latham, Eastman, Schweyer & Tetzlaff, Burlington, Vt., for plaintiff.

William H. Quinn, Pierson, Affolter & Wadhams, Burlington, Vt., for defendant.

## OPINION AND ORDER

COFFRIN, District Judge.

Plaintiff Chittenden Trust Company brings this diversity action as executor of the estate of Louis Quintal for damages arising from defendant's wrongful filling of a prescription for Mr. Quintal. Plaintiff's action is in negligence, breach of warranty and strict liability; it is not for wrongful death. Defendant, the sole proprietor of a pharmacy in Iberville, Quebec, has not answered the complaint but has filed a motion to dismiss for lack of personal jurisdiction. A hearing was held on defendant's motion on February 8, 1977 at which counsel for both parties appeared. After considering the papers filed and the representations and arguments of counsel at the hearing, we conclude that even viewing the evidence in a light most favorable to the plaintiff and assuming, without deciding, the facts out-lined below to be true, the court has no personal jurisdiction over the defendant. We therefore grant defendant's motion to dismiss.

At the time of the incident involved in this case, Mr. Quintal resided in Shelburne, Vermont. His primary physician, whom he visited with some regularity because of a heart condition, practiced in Montreal, Quebec. When returning to Shelburne from Montreal, the deceased would drive through Iberville, and for at least three years prior to the incident, he would purchase prescription drugs at a discount from the defendant, who is his wife's nephew.

From the complaint it appears that the defendant "knew the deceased resided in Vermont, and that any prescriptions he or his servants, agents or employees filled for the deceased would be injested in Vermont, and would thereby have a causative effect upon the deceased in Vermont." At the hearing, plaintiff's counsel represented to the court that he had no reason to believe defendant advertises or solicits business in Vermont or has any regular clientele in the state other than the deceased. Defendant's only other contact with Vermont that has been brought to the court's attention is that he vacations here.

In order to maintain a suit against the defendant, plaintiff in this action must satisfy both the state requirement for jurisdiction over the person under the applicable state long-arm statute and the due process requirement of the United States Constitution. *Partin v. Michaels Art Bronze Co.,* 202 F.2d 541, 542 (3d Cir. 1953); *Reilly v. P. J. Wolff & Sohne,* 374 F.Supp. 775, 776 (D.N.J.1974). Section 913(b) of 12 Vt.Stat. Ann. provides:

(b) Upon the service [of process], and if it appears that the contact with the state by the party or the activity in the state by the party or the contact or activity imputable to him is sufficient to support a personal judgment against him, the same proceedings may be had for a personal judgment against him as if the process or pleading had been served on him in the state.

The defendant in this action was served in Iberville by mail requiring a signed receipt addressed and dispatched by the clerk of this court, pursuant to Vermont Rule of Civil Procedure 4(k)(1)(D);[1] service of process is not contested by the defendant. Thus the only question before the court as far as Vermont law is concerned is whether the defendant has had sufficient contact or activity in this state to support a personal judgment against him.

To date, none of the Vermont Supreme Court cases have upheld personal jurisdiction where the relationship between the defendant and the State of Vermont was as tenuous as it is here. In *Huey v. Bates*, 135 Vt. 160, 375 A.2d 987 (1977), the court found jurisdiction over a defendant who shipped the vehicle in question into Vermont and maintained a system of distributorship in Vermont evidencing a clear intention to actively participate in the Vermont market. In *Smyth v. Twin State Improvement Corp.*, 116 Vt. 569, 80 A.2d 664 (1951), the defendant contractor had come to Vermont to perform the work which gave rise to the cause of action.

▮ *O'Brien v. Comstock Foods, Inc.*, 123 Vt. 461, 194 A.2d 568 (1963), presented the court with the opportunity to adopt the "stream of commerce" theory of long-arm jurisdiction. The court rejected a broad interpretation of that theory, however, compare *O'Brien* with *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill. 432, 176 N.E.2d 761 (1961), and indicated that Vermont's long-arm statute can be satisfied in two ways.

> The vital factor in the statute is the intentional and affirmative action on the part of the non-resident defendant in pursuit of its corporate purposes within this jurisdiction. A single act, purposefully performed here, will put the actor within the reach of the sovereignty of this state, as in the Smyth case. So will active participation in the Vermont market, either by direct shipment, or by way of transmittal through regular distributors presently serving the Vermont marketing area.

123 Vt. at 464, 194 A.2d at 571. Even if we assume that the defendant placed the drugs involved into the stream of commerce, an assumption which is highly questionable here, we find that the defendant's actions satisfy neither part of the *O'Brien* test. Furthermore, we have no reason to believe the Vermont Supreme Court would depart from its position in *O'Brien*. Consequently, plaintiff has failed to sustain its burden of showing that this court has jurisdiction under Vermont law.[2]

Moreover, finding personal jurisdiction in this case would violate the due process requirements of the fourteenth amendment.

---

1. Rule 4(k) of Vt.R.Civ.P. states:

   (k) ALTERNATIVE PROVISIONS FOR SERVICE IN A FOREIGN COUNTRY.
   (1) *Manner.* When service is to be effected upon a party in a foreign country, it is also sufficient if service of the summons and complaint is made: . . . (D) by any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; . . . .

2. The fact that defendant has vacationed in Vermont does not help plaintiff's cause. In *Davis v. Saab Scania of America, Inc.*, 133 Vt. 317, 339 A.2d 456 (1975), the court found no jurisdiction over a corporation with extensive contact with Vermont because the cause of action did not arise out of that contact. The court there was concerned with the requirements of 12 Vt.Stat.Ann. § 855, which gives jurisdiction over a defendant only in a cause of action "arising or growing out of [its] contact or activity" in Vermont. However, the court did not rely solely on the language of the statute but indicated that it considers that requirement of § 855 to be coextensive with the due process requirements of the fourteenth amendment. *Accord, Anderson v. Abex Corp.*, 418 F.Supp. 5, 8–9 (D.Vt.1975, 1976), *aff'd mem.*, 539 F.2d 703 (2d Cir. 1976). Although this part of the *Davis* opinion can be read as dicta, we believe it represents the inclination of the Vermont Supreme Court not to permit long-arm jurisdiction over a defendant in a cause of action that did not arise out of the defendant's contact with this state.

   *Anderson*, although not a Vermont Supreme Court case, was written by Judge Holden of this court, former Chief Justice of the Vermont Supreme Court, who wrote *O'Brien* when he was an Associate Justice of that court. In *Anderson* the court held that sending three administrative letters to the plaintiff in Vermont is not constitutionally significant activity to warrant personal jurisdiction.

As the United States Supreme Court said in *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958):

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95.

There is no evidence that defendant invoked the benefits and protections of the laws of this state or conducted any business within the state. It follows that the defendant in this case has a due process right to be free from the personal jurisdiction of courts located here.

The other arguments raised by plaintiff are without merit.[3]

Defendant's motion to dismiss the cause of action for lack of personal jurisdiction over the defendant is hereby granted.

---

3. Plaintiff's other cases are either not controlling because they involve a quasi in rem action or come from other circuits, or are not persuasive because the contacts described in those cases between the defendant and the forum were more substantial than the contacts presented here, or both. *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) (*International Shoe's* minimum contacts standard mandates no jurisdiction over this quasi in rem action because the cause of action is unrelated to the property in the state and there are no other ties between the defendant, the state and the litigation); *Leasco Data Proc. Equip. Corp. v. Maxwell*, 468 F.2d 1326 (2d Cir. 1972) (court should not dismiss for want of jurisdiction when there are unresolved issues of fact essential to decision on personal jurisdiction without allowing plaintiff to serve interrogatories); *Miller v. Cousins Props., Inc.*, 378 F.Supp. 711 (D.Vt.1974) (defendant Cousins within reach of state long-arm statute because aircraft flew from Burlington, Vermont airport under Cousins' management and control; defendant North American Rockwell also within reach because aircraft it manufactured and sold was present in Vermont and Rockwell was authorized to do business in all of the United States); *Jones Enterps., Inc. v. Atlas Serv. Corp.*, 442 F.2d 1136 (9th Cir. 1971) (adopts "stream of commerce" theory and finds personal jurisdiction when defendant knows or has reason to know (1) that product sold through commercial channels will reach the forum and (2) that product creates a potential risk of injury); *Duple Motor Bodies, Ltd. v. Hollingsworth*, 417 F.2d 231 (9th Cir. 1969) (English coach manufacturer subject to suit in Hawaii because it sold coach to chassis manufacturer with knowledge that coach was destined for Hawaii); *Reilly v. P. J. Wolff & Sohne*, 374 F.Supp. 775 (D.N.J.1974) (defendant sent 4 machines to forum and cause of action arose out of that contact); *Jonz v. Garrett/Airesearch Corp.*, 490 So.2d 1197 (Ala. 1971) (jurisdiction proper under broad long-arm statute where manufacturer had advertised and solicited buyers in forum and knew two planes were being operated in forum, even though no sales resulted from activities in forum); *Boykin v. A. B. Lindenkranar*, 252 So.2d 467 (La.App.1971) (corporation which only sells outside United States to commercial intermediary is nevertheless "accomplishing its business purposes" and "doing business" in forum for purposes of jurisdiction in products liability case because a substantial number of defendant's products reach forum).

If plaintiff had indicated at the hearing on defendant's motion to dismiss that evidence of more contacts with Vermont might be forthcoming with additional discovery, we would have been inclined to follow the course outlined in *Leasco*. However, it appears from the representations made at the hearing that further discovery would not avail the plaintiff.

Plaintiff relies on the Restatement (Second) of Foreign Relations Law § 18 (1965) to support its claim of personal jurisdiction over defendant. However, that section is pertinent only when there would be personal jurisdiction over the defendant if he were from another state in the United States and the only question is whether the suit can be maintained against an alien. *Id.*, Comments a, b. Here the question is whether the suit can be maintained against the defendant who is outside this jurisdiction regardless of whether he is a foreign national or an American citizen. Nor does Restatement (Second) of Conflict of Laws § 37 (1971) benefit plaintiff. It provides jurisdiction over an individual who causes effects in the state by an act done elsewhere unless the nature of the effects and the relationship of the individual to the state make the exercise of jurisdiction unreasonable. We have found in this case that the exercise of personal jurisdiction would be unreasonable, of course, the Restatement section does not and cannot supply jurisdiction which would violate the laws of Vermont or the United States Constitution.