Filed 01/06/22

VERMONT SUPERIOR COURT

Essex Unit
75 Courthouse Drive
Guildhall VT 05905
802-676-3910
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-7-17 Excv

## Kuhn et al vs. Short et al

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss (Motion: 15)
Filer:        Peter R. Decato
Filed Date:   May 25, 2021

The motion is DENIED.

This ruling addresses the issues in the above multi-part motion remaining after the July 23, 2021 Entry Order. Specifically addressed are Defendant Ryan Short's Motion to Dismiss for Lack of Personal Jurisdiction, Motion for More Definite Statement, and Motion for Ten Days to File Answer.

On May 2, 2019, Plaintiffs Linda and Paul Kuhn ("Plaintiffs") filed an Amended Complaint against Ryan Short ("Defendant") for defamation (Count 1) and civil conspiracy (Count 2). Plaintiffs' claims stem from false and defamatory statements about Paul Kuhn that Defendant allegedly made to his wife, Amy Short, by text communication while she was working as a teacher at the Canaan Memorial School located in Essex County, Vermont and was the teacher of Plaintiffs' child. The text referred to Mr. Kuhn as "mentally unstable" and stated that he "may be abusing his family members." Plaintiffs and the Shorts are New Hampshire residents. Plaintiffs argue that Vermont has specific jurisdiction over Ryan Short because he made these false and defamatory statements to avail himself of Vermont mandatory reporting laws to direct third parties' activities within Vermont affecting his parental rights. Paul Kuhn further alleges that Ryan Short participated in a conspiracy of defamation that took place in Vermont with the purpose of impairing Plaintiffs' parental rights.

Motion for Lack of Personal Jurisdiction

In the July 23, 2021 Entry Order, the court invited affidavits to enable a ruling on the issue of personal jurisdiction. Ryan Short argues that Mr. Kuhn must establish personal jurisdiction by showing facts, and that statements made in his affidavit 'upon belief' are insufficient. Ryan Short argues that Mr. Kuhn's affidavit submitted to support jurisdiction should be based on the affiant's personal knowledge, not what he believes.

Pertinent provisions of Mr. Kuhn's statements are based either on personal knowledge or on belief:

"Based upon my own knowledge, I am aware that Defendant Amy Short has admitted under oath that she received a text message from her husband, Ryan Short, while Amy Short was located in the State of Vermont." Pl.'s Aff. ¶ 1.

"Upon belief, that text message constitutes a false and defamatory statement about me, Plaintiff Paul Kuhn, which was received in the State of Vermont for the purpose of availing themselves of the mandatory reporting law in Vermont in order to prejudice me and wrongfully cause me harm." Pl.'s Aff. ¶ 1.

"In addition, upon my own knowledge, information, and belief, Defendant Ryan Short made false and defamatory statements about me to persons located in the State of Vermont with the malicious intent to spread those statements to my children's school to cause him reputational harm in the State of Vermont." Pl.'s Aff. ¶ 3.

"I believe that the Defendants, including Defendant Ryan Short, intentionally engaged in a campaign of false and defamatory statements about me, which were intentionally communicated to officials at the Canaan Memorial School . . . and that Ryan Short and the other Defendants intended that their conspiracy benefit from the strict mandatory reporting laws of the State of Vermont to further their wrongful conspiracy of defamation." Pl.'s Aff. ¶ 5.

"I believe that personal jurisdiction extends to Mr. Short's wrongful conduct alleged in the Complaint, because . . . Defendant Short engaged in a conspiracy with the other Defendants, and personally committed slander . . . causing me reputational and financial harm." *Id.* ¶ 6.

"I believe that Ryan Short essentially directed third parties' activities within the State of Vermont, and thereby intended to avail himself of the benefits of the laws of the State, and therefore personal jurisdiction attaches . . . ." *Id.* ¶ 7.

Although most of Mr. Kuhn's allegations are made upon belief, the allegation concerning the text Mr. Short directed to his wife in Vermont is presented as a fact. The statement implicated conduct of Mr. Kuhn relative to his child, who was a student of Mr. Short's wife and for whom she was consequently a mandatory reporter.

Mr. Short is a resident of New Hampshire, and was at all pertinent times in New Hampshire. The Fourteenth Amendment's Due Process Clause constrains a state's authority to bind a nonresident defendant to a judgment of its courts. *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). Before a nonresident defendant can be brought into a Vermont court, the plaintiff must show that Vermont long-arm statute reaches the defendant, and that jurisdiction over him may be maintained without offending the Due Process Clause of the Fourteenth Amendment of the United States

Entry Regarding Motion
24-7-17 Excv Kuhn et al vs. Short et al

Page 2 of 9

Constitution.[1] *N. Aircraft, Inc. v. Reed*, 154 Vt. 36, 40 (1990). In Vermont, a court may exercise personal jurisdiction over a nonresident defendant to the full extent permitted by the federal Due Process Clause of the Fourteenth Amendment. *State v. Atl. Richfield Co.*, 2016 VT 22, ¶ 10, 201 Vt. 342, 349 (internal quotation marks and quotation omitted). In other words, a court may exercise personal jurisdiction so long as jurisdiction "comports with the due process clause." *Ben & Jerry's Homemade, Inc. v. Coronet Priscilla Ice Cream Corp.*, 921 F. Supp. 1206, 1209 (D. Vt. 1996).]

To satisfy due process, courts conduct a two-step analysis: the minimum contacts test and the reasonableness inquiry. See *N. Aircraft, Inc. v. Reed*, 154 Vt. 36, 42 (1990) ("[Once the court determines that a nonresident defendant has purposefully established minimum contacts within the forum State, several factors must be considered to ensure that exercising personal jurisdiction over the defendant is reasonable") (quotation omitted); see also *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) ("[A] tribunal's authority depends on the defendant's having such contacts with the forum State that the maintenance of the suit is reasonable, in the context of our federal system of government, and does not offend traditional notions of fair play and substantial justice." (quotation and internal quotation marks omitted).

## 1) Minimum Contacts

*Defamation Claim*

In determining whether minimum contacts exist, courts distinguish between "general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779–80 (2017) (quotation omitted). Vermont does not have general jurisdiction over Ryan Short, a New Hampshire resident. Paul Kuhn argues, however, that Vermont has specific jurisdiction over Ryan Short because he availed himself of the benefit of its laws. Specific jurisdiction exists "when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

Courts must consider two factors to determine whether the defendant had sufficient minimum contacts with the forum state. *State v. Atl. Richfield Co.*, 2016 VT 22, ¶ 14 ("Specific jurisdiction is satisfied when a defendant has 'fair warning that a particular activity may subject it to the jurisdiction of a state by virtue of the fact that the defendant 'purposefully directed' its activities at residents of the forum state and that the litigation results from injuries arising out of or relating to those activities.") (citation omitted).

---

[1] Vermont long-arm statutes states that "[u]pon the service, and if it appears that the contact with the State by the party or the activity in the State by the party or the contact or activity imputable to him or her is sufficient to support a personal judgment against him or her, the same proceedings may be had for a personal judgment against him or her as if the process or pleading had been served on him or her in the State." 12 V.S.A. § 913(b).

First, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quotation omitted). By establishing such minimum contacts, the defendant "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Second, the plaintiff's claim "must arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (quotation omitted). "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (quotation omitted). What is needed is a connection between the forum and the specific claims at issue. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781.

The minimum contact inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quotation omitted); see also *Huey v. Bates*, 135 Vt. 160, 164 (1977) ("The arising or growing out of element provides the requisite nexus between the defendant, the injuring agency, and the cause of action brought in the forum state.") (internal quotation marks omitted). Courts evaluate this relationship under the totality of the circumstances, considering the "quality and nature" of the contacts between the out-of-state defendant, the forum state, and the cause of action. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum. *Walden*, 571 U.S. at 286.

Under some circumstances, the court may exercise jurisdiction over a nonresident defendant accused of committing a tortious act outside the forum when the relevant jurisdictional contacts with the forum are in-forum effects harmful to the plaintiff. *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018) (citation omitted). "Exercise of jurisdiction in such circumstances may be constitutionally permissible if the defendant expressly aimed its conduct at the forum." *Charles Schwab Corp.*, 883 F.3d at 87; *Calder v Jones*, 465 U.S. 783, 788–89 (1984); *Jenkins v. Miller*, 983 F. Supp. 2d 423, 445 (D. Vt. 2013) (These defendants at all times knew that [plaintiff] was a resident of Vermont. Their actions were aimed at depriving her of lawful parental rights, and the brunt of the injury as a result of their actions was felt in Vermont.) (citing *Calder*, 465 U.S. at 789).

The Vermont Supreme Court has held that a limited contact with the forum alone does not defeat jurisdiction. "It is not the quantity of contacts with the forum state that give rise to personal jurisdiction, but rather, the nature and quality of defendant's activities." *N. Aircraft, Inc. v. Reed*, 154 Vt. 36, 40 (1990) (noting that contact with plaintiff by telephone and through mail was sufficient to meet the "minimum contacts" requirement); see *Schwartz v. Frankenhoff*, 169 Vt. 287, 293 (1999) ("a sufficient relationship with the forum state may arise if a nonresident defendant 'intentionally acts outside the forum state to cause tortious harm within the forum state.'") (citing *Calder v. Jones*, 465 U.S. 783, 788–89 (1984)).

Defamatory statements aimed at a specific state may support personal jurisdiction. See *Calder v Jones*, 465 U.S. 783, 788–89 (1984); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332, 334 (5th Cir. 1982) (holding that one defamatory phone call initiated by defendant was sufficient to establish personal jurisdiction); *Zehia v. Superior Ct.*, 45 Cal. App. 5th 543, 557 (4th Cir. 2020) (California has personal jurisdiction over nonresident defendant who sent private social media messages to exclusively California residents and the reputation injury was suffered there.); see *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (Where "the plaintiff's claims are for intentional torts, the inquiry focuses on whether the conduct underlying the claims was purposely directed at the forum state.") (quotation omitted).

In this instance, Ryan Short allegedly texted false and defamatory statements to his wife, an out-of-state resident working within the forum state as a teacher and mandatory reporter of Mr. Kuhn's child. It may reasonably be inferred from this set of facts that the communication was intended to have an effect in Vermont. Thus the claim meets the minimum contacts test.

*Conspiracy Claim*

With respect to the count for conspiracy, under Vermont law, merely alleging that a defendant conspired with others who engaged in tortious activity in Vermont is insufficient to create minimum contacts. *Schwartz v. Frankenhoff*, 169 Vt. 287, 295 (1999) (observing that "[n]o court will accept conclusory allegations of a conspiracy, without more, as sufficient to establish personal jurisdiction over an alleged member of the conspiracy.") (citing *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975).

For a civil action for conspiracy, the parties to the alleged conspiracy must have an agreement and must do something in furtherance thereof that is itself sufficient to support a legal claim. *Akerley v. N. Country Store, Inc.*, 620 F.Supp.2d 591, 600 (D. Vt. 2009). To meet the due process requirements, a substantial connection between the conspiracy and the forum state must be shown. *Vt. Castings, Inc. v. Evans Prod. Co.*, Grossman's Div., 510 F. Supp. 940, 944 (D. Vt. 1981). "This connection exists where substantial acts in furtherance of the conspiracy were performed in the forum state." *Id.* "Furthermore, the nonresident co-conspirator 'must know, or have good reason to know, that his conduct will have effects in the (forum) state.'" *Id.* (quoting *Turner v. Baxley*, 354 F. Supp. 963, 975–77 (D.Vt.1972)).

Under the conspiracy theory of personal jurisdiction, the defendant is imputed with constitutionally sufficient contacts with the forum state through actions of his alleged co-conspirators. *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018) ("the appropriate test for alleging a conspiracy theory of jurisdiction: the plaintiff must allege that (1) a conspiracy existed; (2) the defendant participated in the conspiracy; and (3) a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state.") (citing *Unspam Technologies, Inc. v. Chernuk*, 716 F. 3d 322, 329 (4th Cir. 2013); see *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1070 (10th Cir. 2007) ("While a co-conspirator's presence within the forum might reasonably create the 'minimum contacts' with the forum necessary to exercise jurisdiction over another co-conspirator if the conspiracy is directed towards the forum, or substantial steps in furtherance of the conspiracy are taken in the forum, these elements are lacking here."). The Vermont Supreme Court has not

decided whether to adopt this conspiracy theory of personal jurisdiction. *Schwartz*, 169 Vt. at 294.[2]

However, if this theory were to be applicable, the necessary elements are alleged. First, Paul Kuhn alleges that each defendant, including Mr. Short, engaged in a conspiracy of defamation and intended the conspiracy to benefit from the use of Vermont mandatory reporting laws and its effects. Taking the facts in the light most favorable to the plaintiff, one could infer that an agreement to impair a parent-child relationship existed based on (a) the repetitions of the alleged defamatory statements initially made by Mr. Short, (b) the interaction between Ms. Dixon and his daughter, and (c) the investigation performed by the principal of the Canaan Memorial School. Second, according to Mr. Kuhn, these acts are the principal acts of the conspiracy which is alleged to have occurred in Vermont. The alleged defamatory statements are at the heart of Plaintiffs' claims and it is reasonable to infer that Ryan Short had good reason to know that his conduct would impact the forum because he allegedly knew that his wife would react to the claim of abuse as the teacher of Plaintiffs' daughter.

Thus, under both *Schwab* and the conspiracy theory of jurisdiction, Paul Kuhn has shown sufficient minimum contacts with the State of Vermont for purposes of the exercise of special jurisdiction over the conspiracy claim.

## 2) Reasonableness

If the plaintiff establishes the defendant's minimum contacts with the forum state, the reasonableness inquiry requires the court to decide "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 320, (1945)). In making this determination, the court must assess five factors:

> (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.

---

[2] In *Schwartz*, the court noticed that many courts applied the conspiracy theory test set out by the Delaware Supreme Court in *Istituto Bancario Italiano v. Hunter Engineering Co.*, 449 A.2d 210, 225 (Del.1982). Under this test, the elements are "[A] conspirator who is absent from the forum state is subject to the jurisdiction of the court, assuming he is properly served under state law, if the plaintiff can make a factual showing that: (1) a conspiracy to defraud existed; (2) the defendant was a member of that conspiracy; (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state; (4) the defendant knew or had reason to know of the act in the forum state or that acts outside the forum state would have an effect in the forum state; and (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy." Schwartz, 169 Vt. at 294 (citation omitted). However, *Schwartz* predated *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018) which sets out a different test.

Ryan Short relied on the absence of sufficient minimum contacts to support his motion to dismiss and he has not advanced any compelling reason why jurisdiction would be unreasonable in Vermont. Nonetheless, the reasonableness requirement should also be met in order for the court to exercise special personal jurisdiction over a non-resident defendant.

"While the exercise of jurisdiction is favored where the plaintiff has made a threshold showing of minimum contacts at the first stage of the inquiry, it may be defeated where the defendant presents a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (quotation omitted). "The import of the 'reasonableness' inquiry varies inversely with the strength of the 'minimum contacts' showing—a strong (or weak) showing by the plaintiff on minimum contacts reduces (or increases) the weight given to 'reasonableness.'" *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002).

a. *The Burden on the Defendant*

Ryan Short has not argued how litigating in Vermont would be burdensome. Ryan Short is a New Hampshire resident, but given the proximity between his residence and Essex County, Vermont and the convenience of modern communication and transportation, Mr. Short would only be slightly burdened by travelling to Vermont to defend this matter. See *Metro. Life Ins. Co.*, 84 F.3d 560 at 574 ("[T]he conveniences of modern communication and transportation ease what would have been a serious burden only a few decades ago."). Moreover, the development of the use of remote video technology for depositions, mediation, and hearings make the need to travel much less likely.

b. *The Forum State's Interest in Adjudicating the Dispute*

The forum state has an interest in exercising jurisdiction over those who commit torts within its borders. See *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 211 (1st Cir. 1994). It also has a significant interest in redressing injuries that occur within the state, *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 776 (1984) or that are caused to its residents. *Burger King Corp.*, 471 U.S. at 473; *KBA N. Am. Inc. v. Amerigraph, LLC*, 2007 WL 4119119, at *3 (D. Vt. Nov. 16, 2007) (unpublished mem.) ("Vermont has a clear interest in protecting the business interests of its residents.").

Vermont has a viable interest in adjudicating an alleged conspiracy that took place within its borders concerning its mandatory reporting laws. In addition, Vermont may also have an interest because Ryan Short's alleged defamatory statements were claimed to cause injury in Vermont. It is unknown whether Plaintiffs' reputation and standing were affected in Vermont but in some areas close to the Vermont-New Hampshire border, people living and working on both sides of the state line make up a single social and commercial community. Mr. Kuhn also explains that his wife' ex-husband learned of the statements and intended to seek to remove H.C. in a custody dispute, presumably with effects in Vermont.

*c. The Plaintiff's Interest in Obtaining Convenient and Effective Relief*

Under this factor, some courts accord the plaintiff's choice of forum a degree of deference.[3] See *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d at 211 ("While we must accord plaintiff's choice of forum a degree of deference in respect to the issue of its own convenience, the plaintiff's actual convenience seems to be at best a makeweight in this situation.") (internal citation omitted); *Cabot Hosiery Mills, Inc. v. 7mesh Indus., Inc.*, 2016 WL 9526678, at *5 (D. Vt. June 8, 2016) ("[T]he plaintiff's choice of forum is the best indicator of [his] own convenience[.]") (unpublished mem.) (citation and internal quotation marks omitted).

*d.     The Interstate Judicial System's Interest*

In assessing this factor, courts generally consider "where witnesses and evidence are likely to be located." *Metro. Life Ins. Co.*, 84 F.3d at 574. The evidence is likely to be located in both states, Many witnesses are New Hampshire residents, although the Canaan Memorial School and its principal, Ms. Lynch, are in Vermont, and mandatory reporting process, including communications involving it, would likely occur in Vermont. Moreover, some courts have held that "the judicial system's interest in efficient litigation is also served by litigating personal defamation cases in the state where the comments were clearly directed." *Hawbecker v. Hall*, 88 F. Supp. 3d 723, 730 (W.D. Tex. 2015).

*e.  Policy Arguments*

The fifth factor requires consideration of the common interests of the several states in promoting substantive social policies. *Metro. Life Ins. Co.*, 84 F.3d at 575. This factor does not favor either party because neither party identified substantive social policies that would be furthered by permitting the claims to be heard in Vermont.

Having considered and balanced the factors, the court cannot conclude that the exercise of jurisdiction over Paul Short in Vermont is unreasonable. For the foregoing reasons, Defendant Short's Motion to Dismiss for Lack of Personal Jurisdiction is denied as to both the defamation and conspiracy counts.

Motion for More Definite Statement

Defendant Short asks the court to order a more definite statement. V.R.C.P. Rule 12 (d) authorizes such relief if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The court concludes that Plaintiffs' Amended Complaint is sufficient to meet the requirements of notice pleading as to both the defamation and conspiracy counts. The additional information Defendant Short seeks is the kind of specific information available through the discovery process. Therefore, the Motion for a More Definite Statement is denied.

---

[3] It should be noted that if Plaintiffs were trying to benefit from a more generous status of limitations, such questions are not permissible considerations in the context of a jurisdictional inquiry. See *Metro. Life Ins. Co.*, 84 F.3d at 574.

Time to Answer

Based on the denial of the Motion to Dismiss, the time for Defendant Short to file an answer is 14 days after notice of this decision. V.R.C.P. 12 (a)(3).

Electronically signed pursuant to V.R.E.F. 9(d) on January 6, 2022 at 3:31 PM.

*Mary Miles Teachout*

Mary Miles Teachout
Superior Court Judge