## Leona Cody v. Estate of Richard Cody, Robert Cody, Rayden Cody, Donald Cody, Conrad Cody, Frederick Bashara, and Mary Bashara

[352 A.2d 684]

No. 37-75

Present: Barney, C.J., Smith, Daley, Billings, JJ., and Shangraw, C.J., (Ret.), Specially Assigned

Opinion Filed February 3, 1976

*Oreste V. Valsangiacomo, Jr.,* and *Leighton C. Detora* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

*Hiram S. Hunn,* Plainfield, for Defendant.

**Billings, J.** On December 7, 1973, Leona Cody, widow of Richard Cody, commenced an action alleging fraud against the estate of her late husband and against Robert Cody, Rayden Cody, Donald Cody, Conrad Cody, and Mary Bashara, children of Richard Cody by a former marriage, and against Frederick Bashara, husband of Mary Bashara, seeking damages for allegedly transferring certain assets from the estate of Richard Cody in defraud of her rights therein. The defendant estate moved to dismiss the complaint, and the other defendants moved for more definite statement. Both motions were granted on March 13, 1974. Plaintiff then answered the defendants' motion for more definite statement, to which the defendants, other than the estate, moved to strike and dismiss on the grounds that plaintiff had failed to comply with the order for a more definite statement within the time provided by the order and that her complaint failed to state a cause of

action. On June 10, 1974, the motion was heard, but neither plaintiff nor her counsel appeared. On June 19, 1974, the Washington Superior Court granted defendants' motion to strike and dismiss. Plaintiff did not appeal from this order, nor did she seek relief from the judgment under the provisions of V.R.C.P. 60(b).

On August 15, 1974, plaintiff instituted an action against the same defendants, alleging the same cause of action and seeking the same relief. Defendants thereupon moved for summary judgment and dismissal upon the ground of res adjudicata. On November 8, 1974, the Washington Superior Court denied the motion, but by amended order dated February 5, 1975, dismissed the estate of Richard Cody and denied the motion for summary judgment on behalf of the remaining defendants. Pursuant to V.R.A.P. 5(b), this Court granted the remaining defendants permission to appeal.

V.R.C.P. 41(b)(3) provides that unless the court in its order specifies otherwise, a dismissal under V.R.C.P. 41(b) (2) based on a failure of a plaintiff to prosecute or to comply with the rules or any order of court, except in certain instances not here applicable, shall operate as an adjudication upon the merits. The June 19, 1974, order of the Washington Superior Court dismissed the plaintiff's first complaint and, lacking any specification otherwise, was, pursuant to the rule, a final adjudication of the matters then before the court.

In the case at bar, plaintiff did not appeal the judgment order pursuant to V.R.A.P. 4, nor did she seek relief from the judgment pursuant to V.R.C.P. 60(b) on the grounds of mistake, inadvertence, or excusable neglect. V.R.C.P. 60(b) does not limit the power of a court to entertain an independent action to relieve a party from a judgment. However, an independent action in the context of this rule is not a new action on the identical grounds as a dismissed action, but contemplates different grounds or different relief on the basis of the provisions of V.R.C.P. 60(b). In this cause, the plaintiff merely "refiled" her complaint without reference to the prior proceedings, and the plaintiff now has a "lion in her path" and that lion is the doctrine of res adjudicata. See *State* v. *Velander*, 123 Vt. 60, 181 A.2d 60 (1962).

Dismissal of the first action constituted an estoppel by judgment and, not appealed from, created a bar to further litigation of the same cause of action seeking the same relief between the same parties. *Hill* v. *Grandey*, 132 Vt. 460, 321 A.2d 28 (1974). The trial court erred in denying the defendants' motion for summary judgment and dismissal.

*Reversed; cause dismissed.*