### In re Estate of Perley Leno, Jr.

[433 A.2d 260]

No. 128-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*William J. Bloomer* of *Bloomer and Bloomer*, Rutland, for Petitioners.

*Corsones & Hansen*, Rutland, for Petitionee.

**Billings, J.** This is an appeal by the petitionee-appellant Patricia A. Leno (formerly Furman) from a summary judgment by the Rutland Superior Court affirming an order of the Rutland District Probate Court removing the appellant as the

administratrix of the estate of Perley Leno, Jr., and declaring that her marriage to the deceased was invalid.

The appellant and Warren Furman were married in 1953, and lived in Vermont until 1976 when the appellant moved to Nevada. The appellant instituted a divorce action in Nevada on June 24, 1976. Although this complaint was personally served on Warren Furman in Vermont, he did not appear or answer. On July 23, 1976, the appellant was granted a divorce by the Nevada court, and on the same day she married Perley Leno, Jr., in Reno, Nevada.

On June 11, 1976, Warren Furman filed a complaint for divorce against the appellant in the Rutland Superior Court. He also filed a motion for service by publication, V.R.C.P. 4(g), with an affidavit by his attorney that service could not with due diligence be made by any other method. *Id.* The court ordered service by publication on August 10, 1976, although Warren Furman's attorneys had corresponded with the appellant's attorneys about the pending divorce actions on July 8, 1976.

Perley Leno, Jr., died in Vermont on October 17, 1977, and was survived by the appellant and four children from his first marriage, who are the petitioners-appellees in this action. The appellant was appointed administratrix of the estate of the decedent over the objection of the appellees.

On December 16, 1977, there was an ex parte hearing in Warren Furman's divorce complaint, which resulted in a decree dated December 28, 1977, declaring the appellant's Nevada divorce to be invalid, and granting a divorce to Warren Furman. This decree was served on the appellant about seven months later, on July 17, 1978.

On August 18, 1978, the petitioners, who were represented by the same attorneys who represented Warren Furman in his divorce action, filed a petition in the Rutland District Probate Court to remove the appellant as administratrix, alleging that she was not the surviving spouse of the decedent. The probate court, relying on determination of the Vermont divorce decree that the Nevada divorce was invalid, determined that the appellant's marriage to the decedent was invalid, and removed the appellant as administratrix. The appellant appealed to the Rutland Superior Court under 12 V.S.A. § 2555. That court took judicial notice of the files and records in the

Vermont divorce decree and affirmed the decision of the probate court. This appeal followed.

■ It is improper for a court to take judicial notice of the files, records and judgment in a case other than that on trial. *Condosta* v. *Condosta,* 139 Vt. 545, 431 A.2d 494 (1981); *Hutchins* v. *George,* 92 Vt. 371, 104 A. 108 (1918). In the case at hand, however, the appellant did not object to this procedure below, and did not raise it on appeal, so any error is waived. *In re Estate of Seward,* 139 Vt. 623, 433 A.2d 274 (1981).

The appellant argues that the Vermont divorce decree is invalid because the service by publication was improper, as personal service would have been possible with the due diligence referred to in V.R.C.P. 4(g). Because of our disposition of this case we need not consider the validity of the Vermont divorce obtained by Warren Furman.

The appellees in this case seek to use this Vermont divorce decree to establish that the appellant was never legally married to the decedent, Perley Leno, Jr. The appellees argue that the Vermont divorce decree established that the Nevada court lacked the jurisdiction to issue a valid divorce decree, that the appellant was therefore still married to Warren Furman when she married Perley Leno, Jr., and that her marriage to Perley Leno, Jr., was void. The question is whether or not the doctrine of collateral estoppel by the Vermont decree precludes the appellant from asserting the validity of her Nevada divorce in probate court.

■ Under the doctrine of collateral estoppel a party may be precluded from litigating an issue decided adversely to him in an earlier action. See *Davis* v. *Saab Scania of America, Inc.,* 133 Vt. 317, 339 A.2d 456 (1975); *McKee* v. *Martin,* 119 Vt. 177, 122 A.2d 868 (1956). In order to apply this doctrine it has generally been considered necessary that the parties in the later action be substantially identical to the parties in the earlier action. *Davis* v. *Saab Scania of America, Inc., supra; Hill* v. *Grandey,* 132 Vt. 460, 321 A.2d 28 (1974). The same rules of collateral estoppel generally apply to divorce cases, except as to the status of the parties. See *Ashley* v. *Ashley,* 255 Ala. 313, 51 So. 2d 239 (1951). A valid divorce decree is conclusive against the world as to the status of the parties as unmarried persons from the time of the decree.

*Rediker* v. *Rediker*, 35 Cal. 2d 796, 221 P.2d 1 (1950); *Vogel* v. *Sylvester*, 148 Conn. 666, 174 A.2d 122 (1961). The divorce decree does not, however, establish the facts on which the decree is based in any later proceeding involving strangers to the divorce action. *Vogel* v. *Sylvester, supra.* As to strangers, the divorce decree does not establish the existence of a valid marriage prior to the decree. *Ashley* v. *Ashley, supra; Rediker* v. *Rediker, supra; In re Holmes' Estate,* 291 N.Y. 261, 52 N.E.2d 424 (1943); *Anderson* v. *Anderson,* 121 Utah 237, 240 P.2d 966 (1952).

It is true that cases in recent years have often held that collateral estoppel may under some circumstances be raised by a stranger to the original litigation. See, e.g., *Parklane Hosiery Co.* v. *Shore,* 439 U.S. 322 (1979); *B. R. DeWitt, Inc.* v. *Hall,* 19 N.Y.2d 141, 225 N.E.2d 195, 278 N.Y.S.2d 596 (1967). These cases have generally required that the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the issue in the earlier action. *Parklane Hosiery Co.* v. *Shore, supra; Schwartz* v. *Public Administrator of the County of Bronx,* 24 N.Y.2d 65, 246 N.E.2d 725, 298 N.Y.S.2d 955 (1969). Courts have considered a number of factors in evaluating this opportunity, including the incentive to vigorously contest the issue in the earlier litigation, and the extent of the actual litigation. *Parklane Hosiery Co.* v. *Shore, supra; Schwartz v. Public Administrator, supra.* The appellant in the case before us did not have such an opportunity in the Vermont divorce action. She did not have the incentive to vigorously contest the issue, as the relief sought was the same relief she thought she had obtained in the Nevada divorce action more than a year earlier. The appellant failed to appear or contest the Vermont divorce, and the issue was never actually litigated by the appellant. The appellees may not rely on the Vermont divorce decree to show that the appellant and the decedent were not legally married. The probate court was in error in accepting the determination in the Vermont divorce decree as to the validity of the Nevada divorce.

*Reversed and remanded.*