### Ismet Berisha and Lauridona Berisha v. Robert A. Hardy

[474 A.2d 90]

No. 83-015

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed February 3, 1984

*George J. Malinsky*, Shrewsbury, for Plaintiffs-Appellants.

*Miller, Norton & Cleary*, Rutland, for Defendant-Appellee.

**Billings, C.J.** The Berishas appeal a Windham Superior Court denial of their motion for partial summary judgment, filed subsequent to a jury trial and verdict in their favor in a negligence action brought against them by the defendant, Robert Hardy.

In January, 1978, the Berishas and Hardy were involved in an automobile accident in Mount Holly, Vermont. In September, 1980, Hardy filed a complaint against the Berishas claiming the accident was caused by their negligence and praying for damages for personal injury, lost wages and loss of future earning power. In November of the same year, the Berishas filed a complaint against Hardy asserting that his negligence was the sole cause of the accident and requesting money damages for personal injury and loss of consortium. Hardy's suit was tried first, and in May, 1982, the jury found him to be 52% negligent and the Berishas 48% negligent. See 12 V.S.A. § 1036. Hardy appealed the jury's verdict to this Court in June, 1982. In September, 1982, the Berishas filed a motion for partial summary judgment, claiming that Hardy would be estopped from denying liability in a trial on their November,

1980, complaint. In denying the Berishas' motion, the court stated that their motion appeared to be meritorious, but that the decision which this Court would render on Hardy's June, 1982, appeal could nullify its ruling on the motion. The Berishas sought and were granted leave to appeal to this Court. V.R.A.P. 5.

██ Under the doctrine of res judicata, a judgment bars a subsequent trial only if the parties, subject matter and causes of action are identical or substantially identical. *Hill v. Grandey*, 132 Vt. 460, 463, 321 A.2d 28, 30 (1974). The doctrine of collateral estoppel, which is a more limited concept than res judicata, estops a party from relitigating "those issues necessarily and essentially determined" in a prior action. *Land Investment, Inc. v. Battleground Associates*, 138 Vt. 316, 326, 415 A.2d 753, 759 (1980). Both doctrines have as their final goals the elimination of repetitive litigation, *Alpstetten Association v. Kelly*, 137 Vt. 508, 513, 408 A.2d 644, 647 (1979), and "repose to litigants." *Town of Springfield v. Vermont*, 521 F. Supp. 243, 246 (D. Vt. 1981).

██ In the instant case, the Berishas' and Hardy's causes of action arose from the same occurrence; each sought damages for the asserted tortious negligence of the other. After hearing the testimony in Hardy's suit against the Berishas, the jury found that the Berishas and Hardy were both negligent, that the negligence of each was a proximate cause of the accident, but that the Berishas were less negligent than Hardy. Since the jury rendered a judgment on this issue of liability as between the Berishas and Hardy, the judgment is conclusive as to this issue in a second suit between these parties based on the same tortious act. *In re Estate of Leno*, 139 Vt. 554, 557, 433 A.2d 260, 262 (1981).

██ Hardy claims that, because his insurance company will be defending him in the Berishas' negligence suit against him, V.R.C.P. 13(a)(3) renders the doctrine of collateral estoppel inapplicable. Under V.R.C.P. 13, a responsive pleading must state any counterclaim that arises out of the transaction that is the subject matter of the opposing party's claim. Exempted from this rule of compulsory counterclaims are claims for damages covered by a liability insurance policy

under which the insurer has the right or obligation to conduct the defense. V.R.C.P. 13 (a) (3). Hardy argues that application of the doctrine of collateral estoppel would nullify the provisions of V.R.C.P. 13 (a) (3). However, Rule 13 (a) (3) does not absolutely protect a defendant's affirmative claims from the applicability of collateral estoppel. Since Hardy was not compelled under our rules of procedure to assert any affirmative claims in response to the Berishas' November, 1980, complaint, he should have asserted his claim as a permissive counterclaim. V.R.C.P. 13 (b).

> This is so, not because of the rule, but because facts crucial to the affirmative claim that have been determined adversely to defendant in the prior suit may not be relitigated by virtue of that branch of res judicata called collateral estoppel, or estoppel by verdict.

Reporter's Notes, V.R.C.P. 13. In Hardy's suit against the Berishas, the jury found that his negligence outweighed the Berishas'. The question of liability for the January, 1978, automobile collision has been established, and Hardy cannot relitigate that issue in a subsequent trial between him and the Berishas. *Trapeni* v. *Walker*, 120 Vt. 510, 144 A.2d 831 (1958).

The Berishas' motion for partial summary judgment must be granted. *Cody* v. *Estate of Cody*, 134 Vt. 113, 115, 352 A.2d 684, 685 (1976). As previously noted, at the time the trial court denied their motion, Hardy's suit against them was on appeal to this Court. Under V.R.C.P. 62 (e), that appeal stayed final judgment, and the Berishas' appeal of the denial of their motion for summary judgment was not properly before us. V.R.A.P. 4. However, since Hardy's appeal has been heard by this Court and the judgment affirmed, *Hardy* v. *Berisha*, 144 Vt. 130, 474 A.2d 93 (1984), to avoid further litigation we will treat the Berishas' motion as having been made subsequent to final judgment.

*Reversed and remanded for proceedings consistent with the views expressed herein.*

**Underwood, J.,** dissenting. The majority completely ignores the plain meaning and intent of V.R.C.P. 13 (a) (3). Prior to the adoption of the Vermont Rules of Civil Procedure if the defendant as a part of his defense was relying upon an affirma-

tive claim arising out of the same incident and involving the same parties, it was *compulsory* that he file a counterclaim as a part of his answer to the plaintiff's complaint, or his affirmative claim would thereafter be barred by res judicata or collateral estoppel. If, on the other hand, defendant as part of his defense desired to set forth an affirmative claim which arose from a different incident, he was not required to assert it as part of his answer to plaintiff's complaint, for it was deemed a *permissive* counterclaim rather than a compulsory counterclaim. A permissive counterclaim was never barred by res judicata or collateral estoppel.

Upon enactment of V.R.C.P. 13(a) (3), which is an addition to Federal Rule 13 and is based upon a comparable rule in Maine and Rhode Island, it no longer was necessary to file a compulsory counterclaim in tort actions where "the opposing party's claim is for damage covered by a liability insurance policy." Under such circumstances claims of a defendant whose defense will be managed by his liability insurer need not be filed as compulsory counterclaims. Instead defendant is free to obtain independent counsel to pursue independently his affirmative claims for damage.

Here the Berishas and Mr. Hardy each claimed to have a cause of action in tort against the other arising out of the same automobile accident. Mr. Hardy filed his cause of action first through his own independent attorney. The jury found Mr. Hardy to be 52% negligent and the Berishas 48% negligent and consequently brought in a general verdict for the Berishas, and under our comparative negligence law Mr. Hardy recovered nothing in his tort claim against the Berishas.

Although the claim of the Berishas against Mr. Hardy was filed only a few months following the filing of the claim of Mr. Hardy against the Berishas, the two cases were never consolidated or joined for trial pursuant to V.R.C.P. 42(a). Prior to the trial of the Berishas' claim against Mr. Hardy, the Berishas moved for summary judgment on the issue of liability contending, under the doctrine of collateral estoppel, they were entitled to a summary judgment on the issue of negligence, as determined by the jury in the case of Mr. Hardy against the Berishas. In short, it was the Berishas' position that liability was now fixed at 52% negligence on the part of Mr. Hardy and that Mr. Hardy's attorney, hired by his insur-

ance carrier to conduct his defense, could not relitigate the issue of liability.

The majority on our Court agree with the position of the Berishas. They seem to recognize, however, that Mr. Hardy's attorney, furnished to him by his insurer, had no duty under V.R.C.P. 13(a)(3) to file a compulsory counterclaim to the Berishas' tort claim, but fault him for not filing a timely permissive counterclaim or seeking joinder or consolidation of the two cases. The insurer's attorney, as was his right under V.R.C.P. 13(a)(3), elected not to file a permissive counterclaim but rather to defend Mr. Hardy on the issues of liability and damages, which he had every right to assume under the rule would be litigated de novo. It is optional with a defendant under V.R.C.P. 13(a)(3) whether to file a permissive counterclaim, but failure to do so does not render the prior judgment res judicata, or any ingredient of the prior judgment a matter for collateral estoppel.

Had the insurer's attorney filed a permissive counterclaim it would have been a useless act as Mr. Hardy, with his own independent counsel and unbeknownst to his insurer, had already litigated his only affirmative claim to judgment.

One of the primary purposes of V.R.C.P. 13(a)(3) is to protect the insurance carrier from one of its insured, who without notice to his insurer, proceeds to file and litigate his independent cause of action. Such was the case here. The insurance carrier had no opportunity to participate in the conduct of the first trial and by denying it an opportunity to litigate fully the issues of liability in the second trial, the majority has effectively deprived the insurer of its protection under the rule. Cf. 1 R. Field, V. McKusick & L. Wroth, Maine Civil Practice § 13, Reporter's Notes at 263–64 (2d ed. 1970).

I would affirm the decision of the trial judge denying plaintiffs' motion for summary judgment thereby permitting the case to proceed to trial on the issues of liability and damages. By so doing the rights and obligations of the insurer would be protected in the manner specified under the rule.