Provident Funding Assocs., L.P. v. Campney, No. 2-1-12 Rdcv (Teachout, J., June 27, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                    **CIVIL DIVISION**
**Rutland Unit**                                      **Docket No. 2-1-12 Rdcv**


**PROVIDENT FUNDING ASSOCIATES, L.P.,**
    **Plaintiff**

**v.**

**ARNOLD and PEGGY CAMPNEY, et al.,**
    **Defendants**


### DECISION
### Defendant Joan Campney's Motion to Dismiss, filed January 24, 2012

Defendant Joan Campney moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff's present claim has previously been dismissed and may not be brought again under Rule 41 of the Vermont Rules of Civil Procedure. Defendant Joan Campney is represented by John J. Welch, Jr., Esq. Plaintiff Provident Funding Associates, L.P. is represented by Andrew H. Montroll, Esq.

Plaintiff brings this action for foreclosure on a note and mortgage executed by Defendants Arnold and Peggy Campney. Defendant Joan Campney is a junior lien holder. This is the fourth foreclosure action that Plaintiff has filed based on alleged default under the note. The first action, *Provident Funding Associates, L.P. v. Campney*, No. 812-10-08 Rdcv, was dismissed without prejudice on Plaintiff's initiative on January 7, 2009. The second action, *Provident Funding Associates, L.P. v. Campney*, No. 563-8-09 Rdcv, was dismissed by the Superior Court on January 12, 2010, because of Plaintiff's failure to prosecute its case. The Court stated that Plaintiff lacked standing to foreclose because of its failure to produce an endorsed note   The third action, *Provident Funding Associates, L.P. v. Campney*, No. 917-12-10 Rdcv, was dismissed by the Superior Court on August 10, 2011, because of Plaintiff's failure to prosecute its case; Plaintiff had failed to serve its First Amended Complaint on Defendants. The Court denied a Plaintiff's motion to reopen because Plaintiff had not cured a number of problems nor responded to a notice of dismissal.

Defendant argues that the doctrine of res judicata bars Plaintiff's present attempt to bring this claim. Defendant's argument is premised on the interplay between V.R.C.P. 41(b)(2) and V.R.C.P. 41(b)(3). Rule 41(b)(2) allows a defendant to move for the dismissal of an action for failure of the plaintiff to prosecute or to comply with a court order.

Defendant relies on Rule 41(b)(3) which provides:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

V.R.C.P. 41(b)(3). Normally, this rule functions to bar "further litigation of the same cause of action seeking the same relief between the same parties." *Cody v. Cody's Estate*, 134 Vt. 113, 115 (1976). The Vermont Supreme Court has stated in reference to Rule 41(b)(3) that "the adjudication should be seen as having resolved only the merits of what was actually adjudged." *Pennconn Enters. Ltd. v. Huntington*, 148 Vt. 603, 609-10 (1987). In *Costello v. United States*, 365 U.S. 265, 286 (1961), the Court held that preclusive dismissal under F.R.C.P. 41(b)(3) is appropriate where the defendant must incur the inconvenience of preparing to meet the merits. The Court's analysis in *Costello* has not been accepted as entirely well-founded, however. 18A Fed. Prac. & Proc. Juris. § 4435 (2d ed.)

The Vermont Supreme Court recently had the opportunity to discuss the operation of V.R.C.P. 41(b)(3) in the context of a foreclosure case. In *U.S. Bank Nat'l Ass'n v. Kimball*, the Court held that a plaintiff, where its foreclosure complaint had been dismissed for a lack of standing at time of filing suit, could not be precluded from pursuing foreclosure on the merits later should it be able to prove the necessary elements. 2011 VT 81, ¶ 22. The Court made it clear that dismissal for lack of standing does not cancel the underlying note or mortgage obligations or make them unenforceable for later breaches: "[a]bsent adjudication on the underlying indebtedness, the dismissal cannot cancel [the debtor's] obligation arising from an authenticated note, or insulate her from foreclosure proceedings based on proven delinquency." *Id*. at ¶ 22-23.

The question raised in the present motion is not whether this suit may proceed against the mortgagor defendants, but whether the dismissal in the third case was of a nature that Plaintiff should be precluded from seeking foreclosure in this fourth attempt against Defendant Joan Campney, who is a junior lienholder.

Plaintiff argues that in this case, unlike the situation in *Cody v. Cody's Estate,* it has not simply refiled a claim identical to the one that was dismissed. Rather, it contends that further defaults have occurred since the previous claim was filed, making the current foreclosure claim a new claim. See, e.g., *Cowan v. MTGLQ Investors, L.P.*, No. 2:09-cv-472-FtM-29SPC, 2010 WL 3701779, at *4 (M.D. Fla. Sept. 14, 2010) ("[T]he fact that a prior mortgage foreclosure action was dismissed with prejudice does not preclude a subsequent foreclosure action for later defaults."). This is consistent with the holding in *Kimball*. That does not resolve the issue of whether the action should be dismissed as it pertains to Joan Campney, who is a junior lienholder.

There is an extensive discussion in Federal Practice and Procedure of the difficulty and complexity of determining whether specific involuntary dismissals on procedural grounds should preclude subsequently filed actions under Rule 41(b). 18A

2

Fed. Prac. & Proc. Juris. § 4435 (2d ed.)  Applying the suggestion in that treatise that analysis should be based on particularized legal contexts, this case is governed by the opinion of the Vermont Supreme Court in *Kimball*, in which the Court denied preclusive effect of the trial court's dismissal with prejudice of the foreclosure action against mortgagor defendants, but recognized that the trial court has discretion to exercise equitable powers if based on specific findings.  In reversing the trial court dismissal with prejudice, the Court noted that the trial court failed to make specific findings as a basis for its ruling that the dismissal should be with prejudice.

In this situation, the record shows undisputed facts that support dismissal with prejudice. Joan Campney has hired counsel for each of the four times the complaint has been filed against her.  In the first case, through her attorney she challenged Plaintiff's standing, and Plaintiff dismissed its case.  In the second case, she again obtained counsel, and again the case was dismissed for failure to prosecute when Plaintiff did not establish standing.

In the third case, the critical one for purposes of this analysis, she again hired counsel and filed a verified Answer and Counterclaim.  The case was filed on December 7, 2010.  On June 17, 2011, the Court issued a notice of potential dismissal pursuant to V.R.C.P. 41(b)(1)(iii) giving notice that unless good cause was shown for continuance by July 22, 2011, over seven months after filing, the case would be dismissed for failure to complete service on the defendants.  Plaintiff filed nothing, and on August 10, 2011, the case was dismissed.  Plaintiff subsequently filed a motion to reopen the case.  A hearing was held to give Plaintiff the opportunity to show good cause, and Joan Campney was represented at that hearing by her lawyer.  The Court denied the motion as good cause to reopen was not shown for specific reasons identified in the record.

Joan Campney has had to hire an attorney and respond to legal issues in three prior cases brought against her in which the Plaintiff was not prepared to proceed, and her attorney was obliged to attend a hearing in the third case at which the Plaintiff did not show good cause to reopen after the case was dismissed.  In all cases the court was prepared to reach the merits of the case but Plaintiff was not prepared.  The third case was dismissed based on the Plaintiff's own failure to pursue its case in accordance with the requirements of the Rules of Civil Procedure, even after a Notice of Potential Dismissal from the court.  Joan Campney has incurred the inconvenience of preparing to meet the merits and she has incurred significant expense and inconvenience of hiring an attorney.  In the third case in particular, the Plaintiff, after failing to show standing on two prior occasions, did not even properly serve the defendants as required by the rules, and did not respond on time to the Court's notice of potential dismissal when that was called to Plaintiff's attention.

As the Court noted in *Kimball,* foreclosures are equitable proceedings in which the trial court has some discretion, and plaintiffs seeking equitable relief against a defendant must have "clean hands."   Based on the specific findings showing that Plaintiff has repeatedly filed unprepared cases against Joan Campney, calling upon her to have to hire counsel and incur attorneys fees to address the merits only to fail to meet its

own obligations and thereby imposing unnecessary costs on Defendant Campney, the Court concludes that there is no good reason to permit Plaintiff to pursue yet another case against her. She does not have a debt obligation to Plaintiff, but has been inconvenienced and financially disadvantaged by Plaintiff's actions. The equities call for the Court to exercise its discretion to preclude Plaintiff from obtaining foreclosure relief against Joan Campney's interest in the property on which it may hold a mortgage.

For the foregoing reasons, Joan Campney's Motion to Dismiss the suit against her is granted. Thus Plaintiff is precluded from foreclosing against her interest in the property. This does not affect other defendants.

## ORDER

Defendant Joan Campney's Motion to Dismiss is *granted*.

Dated this 26th day of June, 2012.

_____
Hon. Mary Miles Teachout
Superior Court Judge