*Bryan v. Dow*, No. 297-3-17 Cncv (Mello, J., Sept. 29, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| RONALD W. BRYAN,<br> Plaintiff<br><br>v.<br><br>CHRISTINE DOW, JOHN DOE, and<br>STATE OF VERMONT,<br> Defendants | Docket No. 297-3-17 Cncv |

## RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Ronald Bryan brings this action against the State of Vermont[1] after the Department of Corrections allegedly arrested and imprisoned him for 4 to 5 days in 2014 under the mistaken belief that he had not completed his work crew sentence. He claims negligence, false arrest, and a civil rights violation of his right to be free of unlawful arrest and detention pursuant to 42 U.S.C. § 1983. The State now moves to dismiss on res judicata grounds. Stephen J. Craddock, Esq. represents Bryan. Eve Jacobs-Carnahan, Esq. represents the State.

## Facts and Procedural History

The following facts are alleged in the complaint or gleaned from the procedural history. On December 5, 2012, Bryan was sentenced to 4 to 5 days of work crew in State of Vermont v. Ronald W. Bryan, Jr., Docket No. 1589-12-11 Wncr. Because Bryan was a Chittenden County resident, his case was transferred to the Burlington Probation and Parole office, a unit of the Vermont Department of Corrections (DOC).

In the spring of 2013, Bryan reported to an office in Winooski to do his work crew. He told DOC employee Christine Dow that he was a carpenter and offered his carpentry skills. Dow sent him to the Cathedral of the Immaculate Conception in Burlington, where Bryan reported to Peter Beauregard. Dow also informed Bryan that all he had to do was show up and do his time and he would be all set. Bryan received no further instructions from and had no further contact with Dow.

---

[1] Bryan also names two DOC employees as defendants. However, he alleges that at all relevant times, those employees were acting within the scope of their employment. Pursuant to 12 V.S.A. § 5602, when the act or omission of a state employee acting within their scope of employment causes injury to someone, the exclusive right of action lies against the State of Vermont.

Bryan worked at the Cathedral for 6 days in the spring of 2013, which Beauregard can verify. Having fulfilled his obligation, and based on the statements made by Dow, Bryan believed he was all set. But a year later, on April 17, 2014, Bryan was arrested at his residence despite protests that he had done the required work crew and that the officers should check with probation. He was brought to jail where he served a 4 to 5 day sentence. Bryan had fulfilled his work crew obligation, and there was no justification for the arrest and incarceration.

In 2015, Bryan met with the Burlington Probation and Parole office supervisor. He asked if he had done anything wrong or failed to complete any paperwork requirements regarding his work crew. The supervisor said no, that all he had to do was complete his work crew. The supervisor also apologized to Bryan for his arrest and incarceration, and acknowledged that Bryan had done the work crew as required and should not have been arrested or incarcerated. The supervisor would not tell Bryan how probation had erred.

Bryan commenced an action on December 4, 2015 against the State of Vermont and others as Docket No. 1149-12-15 Cncv, alleging a tort claim for intentional infliction of emotional distress and a civil rights claim of "unlawful arrest/detention" under Article 10 of the Vermont Constitution and Section 1983. He alleged that DOC employees failed to credit him with work crew participation and subsequently issued an unjustified warrant for his arrest. The State moved to dismiss the 2015 action, Bryan filed a memorandum in response, and the State filed a reply. The trial court issued an entry order on April 21, 2016 dismissing the case, stating: "Defendants have cited legal authority to support their position that sovereign immunity bars the claim here, and Plaintiff offers no legal argument whatsoever in response. The motion to dismiss is granted." Bryan then filed a motion for reconsideration in which he responded to the State's immunity argument, which the court denied, stating that motions to reconsider are not "a chance for a do-over" or "an opportunity to raise legal arguments [plaintiff] chose not to make the first time around."

On appeal, the Supreme Court affirmed, holding that while Bryan did not allege negligence but rather intentional or willful conduct with respect to both counts, the complaint alleged "no facts suggesting any intentional or willful conduct" by defendants. Bryan v. State, No. 2016-267, 2017 WL 262001, at *2 (Vt. Jan. 12, 2017) (unpub. mem.). Therefore, the court concluded, Bryan's complaint failed to state a claim upon which relief could be granted. Id.

Discussion

The State now argues that this subsequent action, brought in March of 2017, is precluded by res judicata. Res judicata, or claim preclusion, "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." Lamb v. Geovjian, 165 Vt. 375, 379–80 (1996) (citing Berlin Convalescent Ctr., Inc. v. Stoneman, 159 Vt. 53, 56 (1992) (internal quotations omitted). The doctrine "does not require that claims must have been actually litigated in an earlier proceeding; rather, res judicata 'bars parties from litigating claims or causes of action that were or should have been raised in previous

litigation.'" Id. at 380 (quoting Merrilees v. Treasurer, 159 Vt. 623, 624 (1992) (mem.)). The rationale of claim preclusion is to "protect the courts and the parties against the burden of relitigation, encourage reliance on judicial decision, prevent vexatious litigation and decrease the chances of inconsistent adjudication." Berlin, 159 Vt. at 57; *see also* Nat. Res. Bd. Land Use Panel v. Dorr, 2015 VT 1, ¶ 10, 198 Vt. 226 (explaining policies behind res judicata, and observing that it furthers interests of consistency and repose").

All of the elements necessary for res judicata to bar Bryan's claims are present here. First, Bryan and the State of Vermont were both parties to the 2015 action. Thus, the parties are identical. *See* Lamb, 165 Vt. at 379–80 ("Identity of parties exists where the parties or their privies are involved in both actions."). Second, the subject matter of the two actions is identical. Both actions arise from Bryan's criminal sentence of 4 to 5 days work crew, his assignment to work at the Cathedral of the Immaculate Conception in Burlington in the spring of 2013, and his arrest on April 17, 2014 for allegedly not fulfilling his sentence. In fact, the two complaints are virtually identical, except for a few additional factual details in the new complaint.

Third, the causes of action in the two lawsuits are substantially identical. "[F]or purposes of res judicata, a 'cause of action is the same if the same evidence will support the action in both instances.'" Carlson v. Clark, 2009 VT 17, ¶ 15, 185 Vt. 324 (quoting Hill v. Grandey, 132 Vt. 460, 463 (1974)). Both actions arise out of the same nucleus of operative facts and, to the extent the claims differ, "Plaintiff[] [is] simply attempting to apply a new legal theory to the same facts in a second action." Id. ¶ 17 ("This does not present a difficult question in claim preclusion. The point is that there was a full and fair opportunity to litigate the nature of the right-of-way the first time, and additional legal theories are now foreclosed."). Although Bryan now alleges negligence as well as some additional factual details, which he did not do before, he advances no reason why he could not have brought a negligence claim or those additional factual allegations in the prior action based on the same facts. *See* Lamb, 165 Vt. at 380 (res judicata "does not require that claims must have been actually litigated in an earlier proceeding," but "bars parties from litigating claims or causes of action that were or should have been raised in previous litigation") (quotations omitted); Nat. Res. Bd., 2015 VT 1, ¶ 12 ("It is readily apparent here that respondents' claim . . . was one that could and should have been raised in the earlier . . . proceedings between the parties."); Iannarone v. Limoggio, 2011 VT 91, ¶ 22, 190 Vt. 272 (third element of claim preclusion satisfied where, "[a]lthough wife did not specifically assert the claims she raised in this case in the [earlier] proceeding, this is a situation where a party could have, and should have, raised the current theory of recovery in a prior proceeding and failed to do so," and there was no impediment to raising the claims earlier).

Finally, there was a final judgment in the 2015 action. Courts have routinely treated dismissals pursuant to Rule 12(b)(6) as final judgments on the merits for purposes of res judicata. Where there is no indication that an earlier complaint was dismissed without prejudice, "the dismissal of that complaint under V.R.C.P. 12(b)(6) for failure to state a claim on which relief could be granted operates as a final adjudication on the merits." Judd v. State, No. 2011-350, 2012 WL 1305003, at *2 (Vt. Mar. 15, 2012) (unpub. mem.) (affirming trial court's dismissal of second complaint on res judicata grounds where first

3

complaint was dismissed pursuant to Rule 12(b)(6)); *see also* Cody v. Cody's Estate, 134 Vt. 113, 114–15 (1976) (similarly concluding that dismissal of first complaint on grounds that plaintiff failed to state a cause of action barred plaintiff from later instituting an action against the same defendants, alleging the same cause of action, and seeking the same relief); Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); Exch. Nat'l Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1130–31 (2d Cir.1976) (recognizing that "judgments under [Federal Rule of Civil Procedure] 12(b)(6) are on the merits, with res judicata effects"); Stan Lee Media, Inc. v. Walt Disney Co., 774 F.3d 1292, 1298 (10th Cir. 2014) (dismissal for failure to plead a viable cause of action is a decision on the merits under every federal circuit's law); Restatement (Second) of Judgments § 19 cmt d & Reporter's Note (1982); V.R.C.P. 41(b)(3) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, . . . operates as an adjudication upon the merits.").

While the old rule might have been different, "[d]ismissal for insufficient pleading now precludes a second action on an improved complaint." Wright & Miller, 18A Fed. Prac. & Proc. Juris. § 4439 (2d ed. Apr. 2017 update). The policies behind this rule range from the burdens imposed by such actions, including increased "uncertainty and shattered repose," to the liberality of pleading amendments. Id. "Having brought suit, the plaintiff should be prepared to plead a valid claim, to persuade the court that amendment should be granted, to demonstrate valid reasons for dismissal without prejudice to a second action, or be barred. Very few meritorious claims indeed should be precluded by this rule." Id.[2] Bryan's proper course of action here was to move for leave to amend his complaint in the original action, not to file a new lawsuit alleging facts and claims he could have but failed to raise earlier.

The court acknowledges that the alleged facts, if true, are deeply troubling. While there are exceptions to the res judicata doctrine for when claim preclusion "threatens to work manifest injustice," they are " limited to special circumstances, lest they invite such frequent second actions as to weaken the repose and reliance values of res judicata in all cases." Wright & Miller, 18 Fed. Prac. & Proc. Juris. § 4415 (3d ed. Apr. 2017 update).

---

[2] Res judicata does not preclude second actions on claims that could not have been brought in the first action. For instance, courts have refused to apply preclusion to retaliatory discharge claims where the discharge took place subsequent to the filing of the initial discrimination complaint. *See*, *e.g.*, Legnani v. Alitalia Linee Aeree Italiane, S.p.A., 400 F.3d 139, 141–43 & n.2 (2d Cir. 2005) ("[A]s a matter of logic, when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play. . . . Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by *res judicata* regardless of whether they are premised on facts representing a continuance of the same course of conduct.") (internal quotations omitted); Curtis v. Citibank, N.A., 226 F.3d 133, 139–40 (2d Cir. 2000) ("While claim preclusion bars relitigation of the events underlying a previous judgment, it does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit."). That is not what happened here, of course. The present claims and factual allegations do not stem from anything that happened subsequent to the first complaint.

Those limited exceptions include "[g]ross procedural defects" in the first action and "[f]lagrant improprieties by court or adversary . . . ." Id. However, no authority supports a broad "interests of justice" exception to res judicata that would be applicable here. As Wright & Miller explain:

> [F]or the most part, it is better to avoid weakening claim preclusion out of sympathy for the plight of particular plaintiffs and lack of sympathy for particular defendants. The whole doctrine of claim preclusion rests on the determination that justice is better served by attributing finality to judgments that may be wrong than by second efforts at improved results. Ad hoc exceptions for a few individual cases may not rend the protective fabric of claim preclusion for all cases, but there must be some better justification for depriving particular defendants of the protection accorded to most. . . . It seems clear . . . that an exception cannot now be justified simply by concluding that it is harsh to deny an apparently valid claim for a failure to appeal a wrong decision or another misstep, or by balancing the values of res judicata against a desire for right outcomes.

Id.

That said, this decision does not excuse the alleged conduct by DOC. If true, even if this all stemmed from a mere clerical error, the result is egregious. The idea that DOC imprisoned someone who should not have been imprisoned because it mistakenly processed its work crew records is deeply unsettling and disturbing. Indeed, it is this type of conduct that undermines confidence in state government, particular among those who might have little confidence to begin with. The court expects that DOC will take effective measures to ensure that this kind of error never occurs again. Even if the alleged conduct was not true, the court expects that DOC will remain vigilant in ensuring that this does not occur. It may be obvious, but the court will say it anyway: the alleged scenario is something that should not happen, ever.

Order

Defendants' motion to dismiss is granted.

SO ORDERED this 29th day of September, 2017.

_____
Robert A. Mello
Superior Court Judge

5