Vermont Superior Court
Filed 11/22/24
Orange Unit

VERMONT SUPERIOR COURT
Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03287

---

**U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust v. Rae Nutting**

---

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss; Motion for Default Judgment ;  (Motion: 1; 2)
Filer:      Jennifer Joubert; Everett M. Secor
Filed Date: October 01, 2024; October 02, 2024

The motions are DENIED.

Defendant Nutting seeks to dismiss the present matter based on the prior dismissal issued by this Court in Docket No. 24-CV-00262, which involved the identical parties and the identical causes of action.  For the reasons articulated below, the Court denies this motion as a matter of law.

On January 22, 2024, Plaintiff U.S. Bank filed an action a complaint for possession of the property at 500 Brook Road in Strafford, Vermont under 12 V.S.A. § 4761.[1]  It is not clear from Plaintiff's complaint if the action for possession was pursuant to 12 V.S.A. § 4946(d) or some provisions of 9 V.S.A. § 4467.  Within a week of this filing, Defendant Nutting sought to dismiss the action under V.R.C.P. 3(a) based on the fact that Plaintiff had actually commenced the action by serving her on December 21, 2023 and then failing to file the complaint within the succeeding 21 days allowed under V.R.C.P. 3(a).  Plaintiff did not respond to this motion, and the Court granted the motion to dismiss summarily and without further analysis.  No appeal was taken by Plaintiff or any party to this dismissal.

---

[1] As the Vermont Supreme Court recently reaffirmed, the Court may take judicial notice of docket entries in separate, related cases.  *Doe v. Camacho*, 2024 VT 72, ¶ 2, n.1.

On August 23, 2024, Plaintiff U.S. Bank filed the present action for possession under 12 V.S.A. § 4761 based on the exact same facts as the prior complaint in Docket No. 24-CV-00262.[2] In this case, Plaintiff elected to file the complaint first and was able to serve Defendant in a timely manner.

Defendant argues, however, that the prior dismissal in Docket No. 24-CV-00262 acts as res judicata to the present action because a dismissal under Rule 3(a) is with prejudice. The basis for this argument is that Rule 3(a) allows the Court to dismiss an action under Rule 3(a) on its own motion pursuant to V.R.C.P. 41(b)(1). Defendant notes that a dismissal under Rule 41(b)(1), unless the Court states otherwise, functions as a dismissal with prejudice. In this case, the prior dismissal, Defendant argues, functions as a final adjudication and prevents Plaintiff from reviving it in a new complaint.

The problem with Defendant's argument is that the dismissal in the prior case was not pursuant to Rule 41(b)(1) and was not initiated on the Court's own motion. Instead, it was a motion that Defendant made, and which the Court granted under Rule 3(a). Nothing in Rule 3(a) indicates that a dismissal under this rule functions as a dismissal with prejudice, and Vermont courts have generally allowed successive complaints despite prior Rule 3(a) dismissals, unless otherwise limited by statutes of limitations or other procedural rules. See *Doe v. Camacho*, 2024 VT 72, at ¶¶ 3, 10, 11, 37 (allowing a successive action following a Rule 3(a) dismissal but dismissing on statute of limitations grounds). Such dismissals are not, as a general rule, considered to be preclusive of successive actions. As one commentator has noted:

> The basic rule that dismissal for lack of subject-matter jurisdiction does not preclude a second action on the same claim is well settled. Neither is a defendant precluded from advancing a counterclaim in a later action that might have been advanced in an earlier action that was dismissed for lack of jurisdiction. The rule applies even though the first court may have been wrong in determining that it lacked jurisdiction. A variety of considerations support this result. The most direct reason is that jurisdictional dismissals ordinarily preclude any decision on the substance of the claims presented, and often occur before any substantial effort must be invested in litigating the first action. Jurisdictional doctrine is occasionally so tangled, moreover, that it may seem unfair to forfeit a claim simply because a litigant has proved wrong in the first choice of a forum. Such reasons as these are sufficient to justify the general rule, but they do not account for all of the related consequences. Thus a dismissal that rests both on lack of jurisdiction and alternative rulings on the merits

---

[2] As Defendant Nutting notes, the complaints in both cases are identical.

is dominated by the jurisdictional ruling and should not preclude a second action on a claim caught up with the jurisdiction ruling; if another claim is decided on the merits, preclusion attaches to that claim.

18A C. Wright & A. Miller, Federal Practice & Procedure § 4436 (3d ed. 2024 update) (internal citation omitted); see also *Berisha v. Hardy*, 144 Vt. 136, 138 (1984) (laying out the elements of res judicata).

In the present case, the Court finds that the prior dismissal did not reach the merits of Plaintiff's claim. Nor is there evidence that the Court intended to have the preliminary dismissal function as a final judgment with re judicata effects on Plaintiff's claim. Given the general rule that such an initial and procedural dismissal does not have res judicata effect, the Court cannot find a compelling reason to conclude that a Rule 3(a) dismissal filed by an opposing party would either result in or require a dismissal under this rule to carry a res judicata or preclusive effect.[3] For these reasons, the Court concludes that the prior dismissal of Plaintiff's claims in Docket No. 24-CV-00262 was not with prejudice and does not impose res judicata on the present claims. By extension, Defendant Nutting's Motion to Dismiss is **Denied.**

As to Plaintiff U.S. Bank's motion for default judgment, the Court denies this motion. Given that Defendant had filed a dispositive motion, she was not obligated under V.R.C.P. 12 to file an answer until this motion was resolved. As such, the Court finds that the time for a default judgment has not ripened. As such, the Motion for default judgment under V.R.C.P. 55 is **Denied** as untimely.

Further in light of the denial of Defendant's motion to dismiss, the Court will give Defendant Nutting 21 days from the date of this Order to file an answer consistent with her obligations under V.R.C.P. 12(a).

## <u>ORDER</u>

Based on the foregoing, Defendant's Motion to Dismiss is **Denied**. Plaintiff's Motion for Default Judgment is **Denied.** Defendant has 21 days from the date of this Order to file an answer

---

[3] There is an issue of notice imbedded in such an interpretation where if a party is not put on notice either in the language of the Rule applied or in the express language of the decision that a dismissal is either with prejudice or a final judgment subject to preclusive effect, then it would be unfair to interpret such a preliminary dismissal as such without giving the effected party notice or chance to appeal.

to the present complaint.  The Court will schedule a preliminary status conference no less than 30 days from this motion to discuss discovery and preliminary issues with the parties.

Electronically signed on 11/19/2024 2:29 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge